Sherman P. HAWKINS,
Plaintiff–Appellant,

v.

Henry RISLEY, Warden, Montana State Prison, et al., Defendants–Appellees.

No. 91–35670.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1992.*

Decided Jan. 25, 1993.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Sherman P. Hawkins, Deer Lodge, MT, pro se.

James B. Obie, Department of Corrections and Human Services, Helena, MT, for defendants-appellees.

Before: BROWNING, THOMPSON and KLEINFELD, Circuit Judges.

PER CURIAM:

Sherman Hawkins appeals the dismissal of his 42 U.S.C. § 1983 action against several officials of the State of Montana.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

Montana police arrested Sherman Hawkins while he was on work furlough from a life sentence for murder; during processing, Hawkins attacked an officer and fled to Arizona. After he was apprehended and returned to the Montana State Prison, Hawkins was informed of his statutory right to an on-site furlough revocation hearing and told that the charges against him could result in revocation of his work furlough. Hawkins waived his right to an on-site hearing, and the Board of Pardons revoked his furlough after a "due process hearing" at which Hawkins appeared and participated without counsel.[2]

On June 23, 1987, Hawkins filed this action seeking damages under 42 U.S.C. § 1983 from the State of Montana and eleven individual defendants associated with the Board of Pardons and the Montana prison system for violations of his right to

---

**1.** Hawkins does not appeal the dismissal of his claims against the State of Montana.

**2.** Mont.Code § 95–2226.1(2) (1975) applied to Hawkins' work furlough and provided that, before the revocation of a work furlough, the prisoner:

> shall be granted a hearing ... within a reasonable time on or near the site of the alleged violation to determine whether a violation of the furlough agreement exists. The prisoner is entitled to have counsel appointed to represent him at the hearing.... If reasonable grounds are established for a violation of the furlough agreement, the furlough shall be cancelled.... At the next meeting of the board of pardons after the return of the prisoner to prison, the prisoner shall be granted a due process hearing in. order to determine if *the prisoner has, in fact, violated the terms of the prisoner's furlough release.*

This section has since been substantially modified and renumbered as Mont.Code § 46–23–422 (1987).

an on-site hearing, his right to have counsel at the hearing, his right against unlawful arrest, and his rights under the Uniform Criminal Extradition Act.

Hawkins later filed a petition for writ of habeas corpus in the same court, alleging identical violations of his rights arising from his extradition and the revocation of his furlough. The district court denied the habeas petition in June, 1990. Hawkins appealed to this court, which affirmed in an unpublished disposition in December, 1991.

In early 1991, defendants moved for a continuance of this § 1983 action pending Hawkins' appeal of the judgment in the habeas case, which they claimed was res judicata. Instead of granting the continuance, the magistrate recommended this action be dismissed as res judicata. The district court agreed. This appeal followed.

## II.

■ We must first decide whether a prior judgment in a federal habeas corpus proceeding may have preclusive effect in an action brought under § 1983.[3]

Issue preclusion applies in § 1983 actions, *Valley Wood Preserving, Inc. v. Paul,* 785 F.2d 751, 753 (9th Cir.1986), and prior *state* judgments have full preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum. *See Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (state suppression hearing barred federal § 1983 action even though plaintiff never received federal hearing on fourth amendment claim); *see also Silverton v. Dept. of Treasury,* 644 F.2d 1341, 1345–47 (9th Cir.1981) (state habeas); *Sperl v. Deukmejian,* 642 F.2d 1154, 1155 (9th Cir.1981) (state habeas).

In *Williams v. Ward,* 556 F.2d 1143 (2d Cir.1977), Judge Friendly noted the rule

that a state court judgment may preclude a § 1983 action, and went on to say:

> there is no reason to think a different rule would apply where the first judgment is federal habeas.... [T]he major reason for a lenient rule of res judicata in § 1983 would be the "purposes underlying enactment" of the Ku Klux Klan Act of 1871, "in particular, the congressional misgivings about the ability and inclination of state courts to enforce federally protected rights", a concern hardly applicable where both proceedings are in federal court. Nor is there any statutory counterpart to the special res judicata rules established for successive habeas applications by 28 U.S.C. § 2244(b), to govern a situation where a petition under § 1983 follows an earlier habeas application.

*Id.* at 1153–54 (citations omitted). We agree with the analysis in *Williams v. Ward* and hold that a prior federal habeas decision may have preclusive effect in a § 1983 action.[4]

## III.

■ "We review de novo a district court's ruling on the availability of *res judicata....* As to issue preclusion, '[o]nce we determine that [it] is available, the actual decision to apply it is left to the district court's discretion.'" *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir. 1988) (citations omitted).

### A.

Hawkins contends defendants waived the right to assert preclusion by waiting nine months to raise the possibility that the habeas judgment precluded his § 1983 action.

---

**3.** We held in *Jackson v. Official Reps. & Empl. of Los Angeles Police Dept.,* 487 F.2d 885 (9th Cir.1973), a § 1983 action, that issue preclusion did not apply because the issue had not been litigated in the prior criminal trial and federal habeas corpus proceeding. *Id.* at 886. Thus we did not address the preclusive effect in a § 1983 action of a prior federal habeas proceeding. *See also Quarles v. Sager,* 687 F.2d 344, 346 (11th Cir.1982) (prior federal habeas judgment

could not have preclusive effect on a subsequent § 1983 action because the relevant issues were not determined on the merits).

**4.** This holding does not alter the longstanding rule that claim and issue preclusion are not available in federal habeas corpus proceedings. *See Johnson v. Lumpkin,* 769 F.2d 630, 636 & n. 16 (9th Cir.1985).

We have reviewed the record, and find no indication that Hawkins raised this objection in the district court. Although Hawkins filed other objections to the magistrate's findings and recommendations, the issue of waiver was not " 'raised sufficiently for the trial court to rule on it.' " *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992) (citation omitted). Ordinarily, we do not consider arguments raised for the first time on appeal. *Id.* Moreover, we note there were no proceedings in the § 1983 action during the nine month period, and Hawkins has suggested no possible prejudice from the delay.

■ In any event, the magistrate had the authority to consider preclusion sua sponte:

> The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits.... It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision ... to examine the res judicata effect of that prior judgment sua sponte.

*McClain v. Apodaca*, 793 F.2d 1031, 1032–33 (9th Cir.1986). In *McClain*, we approved sua sponte consideration of preclusion where the district court heard evidence and gave both parties an opportunity to address the issue before ruling. *See id.* at 1033; *see also State of Nevada Employees Ass'n v. Keating*, 903 F.2d 1223, 1225 (9th Cir.1990) (rejecting sua sponte decision on preclusion because court did not allow briefing of the issue). In the present case, the magistrate's sua sponte decision was permissible because defendants presented the issue in their motion for a continuance, the parties had adequate opportunity to examine and contest the application of preclusion, and the district court had the opportunity to make a full review of the record and the conflicting arguments of the

parties before accepting the magistrate's recommendation.[5]

**B.**

■ Hawkins argues the denial of his federal habeas petition cannot preclude his § 1983 action because he filed the § 1983 action first. "The date of judgment, not the date of filing, controls the application of *res judicata* principles." *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 761 (9th Cir.1988). The denial of Hawkins' habeas petition precluded further proceedings in the § 1983 action because it preceded any ruling on the merits of Hawkins' § 1983 claims.

**C.**

■ Hawkins contends the dismissal of his federal habeas petition was not a final judgment at the time the district court dismissed his § 1983 action because an appeal was pending with this court. However, " 'in federal courts ... the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided.' " *Five Platters*, 838 F.2d at 327 (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4433, at 305 (1981)); *see also United States v. Int'l Bhd. of Teamsters*, 905 F.2d 610, 621 (2d Cir.1990) (pendency of criminal appeal does not deprive judgment of preclusive effect); *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212, 1215 n. 1 (6th Cir.1989); *Jaffree v. Wallace*, 837 F.2d 1461, 1466–67 (11th Cir.1988); *SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed.Cir.1983).

■ Hawkins also claims the denial of his petition was not final because Montana law stays the conclusiveness of a judgment pending appeal. Although federal courts apply state law to determine the preclusive effect of state court judgments, *see* 28

---

**5.** Hawkins also claims "Rule 8(c) estops the state from using res judicata as an affirmative defense." Neither Rule 8(c) of the Montana Rules of Civil Procedure nor Rule 8(c) of the Federal Rules of Civil Procedure prevents any party from raising res judicata as a defense; moreover, the complaint against the state of Montana was dismissed and the remaining defendants are individuals. To the extent Hawkins is claiming that defendants' failure to plead res judicata in their answer is a waiver, the argument is erroneous for the reasons stated in the text.

U.S.C. § 1738; *Marrese v. American Acad. of Ortho. Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985), we apply federal law to determine the preclusive effect of federal court judgments on federal questions. *Blonder–Tongue Labs. v. Univ. of Ill. Found.,* 402 U.S. 313, 324 n. 12, 91 S.Ct. 1434, 1440 n. 12, 28 L.Ed.2d 788 (1971); *Fireman's Fund Ins. Co. v. Int'l Market Place,* 773 F.2d 1068, 1069 (9th Cir.1985). Under federal law, the denial of Hawkins' habeas petition was a final judgment and the district court properly considered whether it provided a basis for issue preclusion in Hawkins' § 1983 action.

### D.

■ Hawkins argues preclusion cannot apply because the two cases were against different parties, raised different issues, and sought different remedies. Issue preclusion prevents "relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding" against the party who seeks to relitigate the issues. *Five Platters,* 838 F.2d at 322 (citation omitted).

As the district court observed, in each case Hawkins claimed identical constitutional rights were violated by his arrest as a parole violator, his extradition to Montana, the lack of an on-site hearing, and the lack of counsel at the due process hearing. The district court addressed the merits of each of Hawkins' habeas claims and denied relief because his federal constitutional and statutory rights had not been violated. This determination necessarily precludes Hawkins' § 1983 action in which he raises the identical issues, whether or not defendants were in privity with the respondent in the habeas petition and even though Hawkins sought different relief.

### E.

■ Hawkins argues he did not receive a full and fair hearing on his habeas claims.

*See Montana v. United States,* 440 U.S. 147, 163–64 & n. 11, 99 S.Ct. 970, 979 & n. 11, 59 L.Ed.2d 210 (1979) (claim and issue preclusion apply only where the prior litigation was fair and adequate). The magistrate's recommendations were based on an independent review of the entire record, including the state court hearing on Hawkins' state habeas petition, which involved substantially similar due process claims. Under 28 U.S.C. § 2254(d), determinations of fact by a state habeas court are presumed correct unless the petitioner can establish that the hearing was inadequate. Hawkins makes only conclusory charges that the state hearing was not full and fair. The state court allowed Hawkins to submit briefs, present evidence, and cross-examine the state's witnesses, and its findings are fully supported by the record. A federal district court need not conduct an evidentiary hearing if a state habeas court has found the relevant facts after a full and fair hearing. *Creech v. Arave,* 947 F.2d 873, 886–87 (9th Cir.1991).[6]

Affirmed. Each side will bear its own costs of appeal.

■

---

6. Hawkins also argues the denial of his habeas petition was unfair because the court ignored the § 1983 court's preliminary refusal to adopt the magistrate's recommendation to dismiss. Hawkins claims the court's refusal was a determination that defendants had violated his rights. He is mistaken; the district court held only that the magistrate had applied the wrong statute and that there were insufficient facts to determine whether several defendants had absolute immunity. Neither ruling reached the merits of Hawkins' constitutional claims.