991 F.2d 603
 Dominic GEZZI, Plaintiff-Appellee,
v.
BRITISH AIRWAYS PLC, Does 1 to 100, Defendant-Appellant.
 No. 91-55037.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 2, 1993.*
Decided April 19, 1993.
 
 Rod D. Margo, Stephen R. Ginger and Robert D. Wilson, Condon & Forsyth, Los Angeles, CA, for defendant-appellant.
 Nicholas R. Allis, Law Offices of Nicholas R. Allis, Los Angeles, CA, for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before: BROWNING and FARRIS, Circuit Judges, and MacBRIDE,** District Judge.
 PER CURIAM:
 
 
 1
 On September 28, 1988, Dominic Gezzi arrived at London Heathrow Airport from Rome on the first leg of his return trip to Los Angeles. Gezzi is a diabetic, weighed 277 pounds at the time of the accident, and had difficulty walking as a result of an operation to remove one of his toes. Gezzi requested wheelchair assistance at Heathrow. Anthony Hutt, a wheelchair attendant, met Gezzi when he arrived at the departure terminal and wheeled him to the gate for his flight to Los Angeles. Hutt told Gezzi passengers could not board the plane through the enclosed ramp that ordinarily connects the terminal and the plane, and were required to walk down a staircase and out onto the tarmac. Gezzi attempted to descend the stairs, but fell and slid to the bottom. He recovered sufficiently to board the aircraft, but suffered pain during the flight to Los Angeles. He entered a hospital soon after he arrived, complaining of injuries to his left arm, shoulder, and ribs. Hospital records reveal Gezzi stated he fell because he slipped on a wet step.
 
 
 2
 Gezzi brought an action against British Airways. The parties agreed Gezzi's claim is governed by Article 17 of the Warsaw Convention, which provides that an air carrier is liable for bodily injuries suffered by a passenger "if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking."[1] After a bench trial, the district court entered judgment in favor of Gezzi and awarded damages of $50,000.[2]
 
 
 3
 British Airways appealed, arguing the district court erred in ruling Gezzi's injuries were caused by an "accident." Because the district court did not specify the event or happening that constituted the accident, we remanded to allow the district court to enter more specific findings. The district court entered the following findings:
 
 
 4
 An "accident" causing plaintiff's injury was the presence of water on the steps of the staircase. Another "accident" causing plaintiff's injury was the refusal of defendant's attendant accompanying the plaintiff, to assist the plaintiff down the staircase. Each of these was a proximate cause of the injuries to plaintiff.
 
 
 5
 British Airways argues the district court's findings of fact are clearly erroneous, and that neither the presence of water nor Hutt's refusal to aid Gezzi is an "accident" under Article 17 of the Warsaw Convention.
 
 
 6
 On review of the record, we cannot say the district court clearly erred in finding there was water on the stairs, and that the presence of this water was a proximate cause of Gezzi's injuries. See Fed.R.Civ.P. 52(a).
 
 
 7
 British Airways contends that as a matter of law the presence of water on stairs used in embarking an aircraft could not be an "accident" for purposes of the Warsaw Convention because it had no relation to the operation of the aircraft.[3] British Airways cites Price v. British Airways, No. 91 Civ. 4947, 23 Av.Cas. 18465, 1992 WL 170679, 1992 U.S. Dist. LEXIS 9581 (S.D.N.Y. July 6, 1992) (holding that injuries sustained in a fistfight between passengers did not result from an "accident" under the Convention because the fight had no relation to the operation of the aircraft).
 
 
 8
 British Airways conceded in the district court that "if the proximate cause of the fall was a wet step then that would be an accident under the Warsaw Convention." Ordinarily, we would not consider British Airway's contrary argument raised for the first time on appeal. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir.1993). In any event, the presence of water on stairs that are used to provide access to an airplane, unlike a fistfight between passengers, relates directly to the process of embarking on the plane.[4] The presence of water on the stairs qualifies as an "accident" because it was both "unexpected or unusual" and "external to" Gezzi. Air France v. Saks, 470 U.S. 392, 405, 105 S.Ct. 1338, 1345, 84 L.Ed.2d 289 (1985) ("This definition [of accident] should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries.").
 
 
 9
 Because we affirm the district court's determination that the presence of water on the stairs was a proximate cause of Gezzi's injury, we need not consider whether Hutt's refusal to aid Gezzi was also an "accident."[5]
 
 
 10
 Affirmed. Each side will bear its own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 The official title of the Warsaw Convention is Convention for Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. § 1502 note
 
 
 [2]
 The Warsaw Convention's damages limitation of 125,000 French francs per passenger was increased by the Montreal Agreement to $75,000 per passenger for international transportation involving a location in the United States. See Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, approved by CAB Order E-23680, 31 Fed.Reg. 7302 (1966), reprinted in 49 U.S.C. § 1502 note
 
 
 [3]
 The parties stipulated in the district court that, "[a]t the time of plaintiff's alleged injury, plaintiff was in the course of the operation of embarking on an aircraft operated by defendants British Airways." See Maugnie v. Compagnie Nationale Air France, 549 F.2d 1256, 1262 (9th Cir.1977) (determining whether passenger was embarking "requires an assessment of the total circumstances surrounding a passenger's injuries, viewed against the background of the intended meaning of Article 17")
 
 
 [4]
 It is not clear whether an event's relationship to the operation of an aircraft is relevant to whether the event is an "accident." When the Supreme Court defined "accident" in Air France v. Saks, 470 U.S. 392, 405, 105 S.Ct. 1338, 1345, 84 L.Ed.2d 289 (1985), it did not state that an "accident" must relate to the operation of an aircraft. Article 17 requires only that the "accident" take place "on board the aircraft or in the course of any of the operations of embarking or disembarking." The suggestion that an "accident" must relate to the operation of the aircraft appears to have its source in D. Goedhuis, National Airlegislations and the Warsaw Convention 199-200 (1937). Professor Goedhuis reasoned that "[t]he carrier does not guarantee safety; he is only obliged to take all the measures which a good carrier would take for the safety of his passengers." Id. at 200 (emphasis in original). However, Professor Goedhuis conceded "[i]t is doubtful whether all Courts will accept such an interpretation of the word accident," and urged modification of Article 17 "to avoid uncertainties on this subject." Id. Professor Goedhuis's suggestion was never included in the text of the Warsaw Convention and we need not consider whether it should be adopted by this court
 
 
 [5]
 Gezzi contends British Airways should be sanctioned under Fed.R.App.P. 38 for filing a frivolous appeal. The appeal was not frivolous