995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kanuri Sugury QAWI, Plaintiff-Appellant,
v.
Joel FORT; Paul Popper; James H. Anderson, Defendants-Appellees.
 No. 92-16792.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kanuri Sugury Qawi, a California state prisoner, appeals pro se the district court's sua sponte dismissal, prior to issuance and service of process, of his 42 U.S.C. § 1983 action against three doctors who he claims made false statements in psychiatric reports used to determine his competency to stand trial. Qawi contends that the district court erred by (1) dismissing the action on the basis that the same claims had been dismissed in an earlier action and (2) denying his motion to proceed in forma pauperis on appeal. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1934 (1992), and affirm.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 4
 Here, the district court dismissed the action on the basis that the same claims already had been dismissed in case No. CV-91-2708. Qawi contends that the dismissal was improper because in the earlier case the district court dismissed for failure to exhaust state remedies. Qawi contends that he followed the district court's instruction to exhaust and then filed the complaint in this case.
 
 
 5
 Nevertheless, as Qawi acknowledges in his opening brief, the district court permitted him to raise his claim against the doctors in his habeas corpus action, case No. CV-92-2077. In the order dismissing case No. CV-92-1850, the district court also granted Qawi 30 days to amend his habeas petition to state a claim regarding the doctors' medical reports. This procedure was proper because a 42 U.S.C. § 1983 claim seeking damages based on the length of a state prison sentence must be stayed pending disposition of habeas proceedings. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Because Qawi had not finished pursuing habeas relief against the doctors, the district court did not err by refusing to permit him to pursue his 42 U.S.C. § 1983 claim in this case until he had exhausted his claim for habeas relief in district court case No. CV-92-2077.[1]
 
 
 6
 Qawi also contends that the district court erred by denying his motion to proceed in forma pauperis on appeal. We previously ruled on this issue when we denied Qawi's motion in this court to proceed in forma pauperis, and stated that we would not entertain any motion for reconsideration of the denial. Accordingly, we will not revisit the issue of Qawi's fee status.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While this appeal was pending, Qawi was finally denied relief in his habeas proceeding. The issue there appears to be the same as in this case, and Qawi therefore would be precluded from raising it under 42 U.S.C. § 1983. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam) ("a prior federal habeas decision may have preclusive effect in a § 1983 action")