999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale Thomas WAUGH, Plaintiff-Appellant,
v.
Booth GARDNER, et al., Defendants-Appellees.
 No. 92-36807.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale Thomas Waugh, a Washington state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 civil rights action. Waugh contends that the district court erred by finding that the doctrine of res judicata barred his equal protection and eighth amendment claims, which the district court found were identical to claims raised in his federal habeas corpus petition. He also contends that the district court erred by denying his motion for leave to amend his complaint and his motion for class certification. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 "We review de novo a district court's ruling on the availability of res judicata.... As to issue preclusion, once we determine that it is available, the actual decision to apply it is left to the district court's discretion." Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam) (quotations omitted). "Issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." Id. at 325 (quotations omitted).
 
 
 4
 In his civil rights complaint, Waugh, a "pre-SRA" prisoner who was sentenced under the laws in effect in 1981, claimed that the term of imprisonment imposed after his parole was revoked violated equal protection because he was treated less favorably than "post-SRA" prisoners sentenced under the Washington Sentencing Reform Act. He also claimed that his sentence was cruel and unusual punishment. Waugh acknowledges that he raised "essentially the same issues" in his habeas petition. He contends that the doctrine of res judicata nonetheless does not apply because (1) habeas relief differs from the relief he sought in the civil rights action; (2) one defendant named in the civil rights action was not named in the habeas action; and (3) our denial of a certificate of probable cause, see Waugh v. Bail, No. 92-35189, order denying request for certificate of probable cause (9th Cir. Apr. 22, 1992), was not a ruling on the merits of the habeas petition.
 
 
 5
 Res judicata bars the relitigation of issues previously decided. Hawkins, 984 F.2d at 325. Thus, regardless of whether the civil rights defendants are in privity with the habeas respondents, and regardless of whether the civil rights complaint seeks different relief, res judicata bars relitigation in civil rights proceedings of issues previously decided in habeas proceedings. Id. Moreover, a district court's denial of habeas relief on the merits has preclusive effect; the filing of an appeal is irrelevant for purposes of res judicata. Id. at 324. Accordingly, Waugh's contentions lack merit.
 
 
 6
 Waugh also contends that the district court erred by denying his motion for leave to amend his complaint. This contention lacks merit.
 
 
 7
 After an answer is filed, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given where justice so requires." Fed.R.Civ.P. 15(a). We review the district court's denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 8
 Waugh sought to amend his complaint to recast his claims as claims that the improper application of Wash.Rev.Code § 9.95.009(2) violated his constitutional rights because this statute was intended to require equal treatment of pre- and post-SRA prisoners. As the district court found, the recast claims were not substantially different from Waugh's original claims. Accordingly, the district court did not abuse its discretion by denying leave to amend. See Fed.R.Civ.P. 15(a); Ponsoldt, 939 F.2d at 798.
 
 
 9
 Finally, because we affirm the dismissal of Waugh's claims, we need not address his contention that the district court erred by denying his request for class certification.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Waugh's notice of appeal of October 21, 1992 was premature because the October 13 judgment did not dispose of all of his claims. Nevertheless, because the district court later dismissed Waugh's remaining claims, we have jurisdiction to consider this appeal. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 111 S.Ct. 648, 653 (1991) (entry of final judgment cures premature appeal if appeal is taken from order reasonably believed to be final)