1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lemonta Renna MCBROOM, Plaintiff-Appellant,
v.
CALIFORNIA BOARD OF PRISON TERMS, and Ron Koieng, Defendant-Appellee.
 No. 92-16834.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided July 30, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lemonta Renna McBroom, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action seeking injunctive and declaratory relief. The district court dismissed the action on res judicata grounds, finding that McBroom had filed an unsuccessful habeas petition in federal court based on the same facts and raising the same questions of law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo a district court's dismissal on res judicata grounds, Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993), and we affirm.
 
 
 3
 * Background
 
 
 4
 Broom filed his section 1983 action on July 29, 1987, alleging that the California Board of Prisons violated his civil rights by its discriminatory application of the California term-setting policy. The civil rights action was dismissed on res judicata grounds because McBroom had filed a habeas petition alleging the same facts in state court and lost. McBroom appealed the dismissal to the Ninth Circuit, and we reversed and remanded to the district court to stay proceedings in the civil rights action pending resolution of McBroom's federal habeas petition.
 
 
 5
 The district court subsequently denied McBroom's federal habeas petition and he appealed. We affirmed the district court's denial, finding that McBroom had failed to demonstrate that his prison term was set at a higher level than that of other prisoners because of his race. Upon losing his federal habeas petition, McBroom sought to lift the stay on his civil rights action by filing for summary judgment. The district court lifted the stay and granted summary judgment for the defendants on res judicata grounds. McBroom timely appeals.
 
 II
 Merits
 
 6
 Under the doctrine of res judicata, a final judgment on the merits bars further claims by the parties on the same cause of action. Montana v. United states, 440 U.S. 147, 153 (1979). Res judicata applies to claims brought under section 1983. See Allen v. McCurry, 449 U.S. 90, 96-97 (1980). Thus, a prior judgment in a federal habeas corpus proceeding may have preclusive effect in a section 1983 action. Hawkins, 984 F.2d at 323.
 
 
 7
 Here, McBroom's habeas petition and his civil rights complaint involve the same cause of action: the alleged discriminatory practices of the California Board of Prisons in its term-setting policy. Accordingly, the district court did not err by dismissing McBroom's section 1983 action on res judicata grounds. See Allen, 449 U.S. at 96-97; Hawkins, 984 F.2d at 323.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3