29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis C. JIMISON, Plaintiff-Appellant,
v.
Brenda M. BURNS, Ed Maynard, et al., Defendants-Appellees.
 No. 94-15012.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Curtis C. Jimison, a Nevada state prisoner, appeals pro se the district court's dismissal of Jimison's 42 U.S.C. Sec. 1983 action alleging that he is being deprived of his liberty due to his incarceration for an offense, attempted second degree murder, which he claims has been determined by the Nevada Supreme Court to be nonexistent. Jimison contends that the district court erred by finding that his claim is barred by the doctrine of res judicata because it is identical to the claim he raised in his federal habeas corpus petition. Jimison also contends that the district court erred by striking his response to defendants' reply to his opposition to defendants' motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "We review de novo a district court's ruling on the availability of res judicata.... As to issue preclusion, once we determine that it is available, the actual decision to apply it is left to the district court's discretion." Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam) (quotations omitted). "Issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." Id. at 325 (quotations omitted). Res judicata applies to claims brought under section 1983. See Allen v. McCurry, 449 U.S. 90, 96-97 (1980). Thus, a prior judgment in a federal habeas corpus proceeding may have preclusive effect in a section 1983 action. Hawkins, 984 F.2d at 323.
 
 
 4
 Here, Jimison's habeas petition and his civil rights complaint involve the same cause of action: the alleged violation of Jimison's constitutional rights due to his incarceration for an offense he claims is nonexistent. Accordingly, the district court did not err by finding that Jimison's section 1983 action is barred by the doctrine of res judicata. See Allen, 449 U.S. at 96-97; Hawkins, 984 F.2d at 325.
 
 
 5
 Jimison also contends that the district court abused its discretion by striking his response to defendants' reply to his opposition to defendants' motion to dismiss. Specifically, Jimison contends that the district court construed defendants' reply as a motion to dismiss based on res judicata and that he should have had the opportunity to oppose the motion.
 
 
 6
 Any error in the district court's order striking Jimison's response was harmless because the record clearly establishes that Jimison's section 1983 action is barred by the doctrine of res judicata. 28 U.S.C. Sec. 2111; cf. Culinary & Serv. Employee Union v. Hawaii Employee Ben. Admin., Inc., 688 F.2d 1228, 1232-33 (9th Cir.1982) (error striking pleadings under Fed.R.Civ.P. 12(f) was harmless).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jimison's motion for an injunction pending appeal under Fed.R.App.P. 8 is dismissed as moot