46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivan HERNANDEZ, Plaintiff-Appellant,
v.
Robert W. OLDING, et al., Defendants-Appellees.
 No. 93-15673.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ivan Hernandez, an Arizona state prisoner,[1] appeals pro se the district court's summary judgement in favor of the defendants, various prison officials, in his 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 In his amended complaint, Hernandez alleges that the defendants deprived him of protected liberty and due process interests by (1) misclassifying him as a sex offender based on his felony conviction for incest and (2) refusing to expunge his prison file of this erroneous classification. Hernandez contends that this classification resulted in his being denied work release and home arrest.
 
 
 5
 The district court granted summary judgement in favor of the defendants holding that Hernandez was barred by the doctrine of issue preclusion from relitigating the issue of his classification which the district court had previously considered and rejected in Hernandez v. McFadden, No. 91-557 (D.Ariz.1992), aff'd unpublished opinion, 988 F.2d 119 (9th Cir.1993). The district court also found that to the extent there was a cognizable constitutional right to expungement of erroneous information, Hernandez was not entitled to relief because he had failed to show that the information contained in his file was incorrect or that the incorrect information was relied on to a constitutionally significant degree by prison officials.
 
 II
 Merits
 A. Standard of Review
 
 6
 We review de novo the district court's grant of summary judgment and its sua sponte determination that the action was barred by the doctrine of issue preclusion. See International Union v. Karr, 994 F.2d 1426, 1429 (9th Cir.1993); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir.1986).
 
 B. Collateral Estoppel
 
 7
 "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). Issue preclusion prevents relitigation of "all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir.1993) (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988)). Because Hernandez's section 1983 complaint raises identical issues which were previously adjudicated by the district court, Hernandez is precluded from relitigating them in this action. See Allen v. McCurry, 449 U.S. 90, 96 (1980); Hawkins, 984 F.2d at 325.
 
 C. Expungement of Prison Record
 
 8
 This circuit has not specifically reached the issue of whether, absent a state-created right, there is a constitutionally protected right to an accurate prison record. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir.1987) (because Washington state had a state-created right to an accurate prison record, court declined to reach issue of whether an independent "due process" right existed). Cf. Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979) (finding a limited right to expungement if information in prisoner's file was false and was relied by prison officials to a constitutionally significant degree).
 
 
 9
 Here, even if we were to assume that such a right existed, it already has been adjudicated that Hernandez does not have protected liberty interest in either a particular prison classification or in conditional or work release. See Hernandez v. McFadden, No. 92-16172, unpublished memorandum disposition, (9th Cir. Feb. 24, 1993). Accordingly, Hernandez cannot show that prison officials relied on this purportedly erroneous information in his prison file to a "constitutionally significant degree."[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees, in their brief on appeal, indicate that as of May 1993, Hernandez was no longer in the custody of the state
 
 
 [2]
 Because we find that any misclassification of Hernandez did not result in a deprivation of any constitutionally protected liberty interest, we need not consider whether classification as a sex offender was erroneous