98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leopoldo CARDENAS, Plaintiff-Appellant,
v.
C/O SKILLINGS, Defendant-Appellee.
 No. 95-35541.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leopoldo Cardenas, a Washington state prisoner, appeals pro se the district court's judgment in favor of Correctional Officer Robert Skillings following a bench trial in Cardenas' 42 U.S.C. § 1983 action. Cardenas contends that: (1) Skillings subjected him to cruel and unusual punishment; (2) he was denied access to the courts when prison officials retaliated by confiscating a folder containing all of his legal materials; and (3) the district court abused its discretion by failing to sanction Skillings for discovery abuses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Because this is an appeal from a bench trial, we review the district court's findings of fact, whether based on oral or documentary evidence, for clear error, giving due regard to the court's opportunity to judge the credibility of witnesses. Fed.R.Civ.P. 52(a); see Toussaint v. McCarthy, 801 F.2d 1080, 1087 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987) We review the district court's conclusions of law de novo. Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991); Toussaint, 801 F.2d at 1087.
 
 
 4
 Cardenas contends that Officer Skillings used excessive force when he stroked Cardenas in the anus with his thumb. The core inquiry in determining whether prison officials used excessive physical force in violation of the Eighth Amendment is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillan, 503 U.S. 1, 6-7 (1992).
 
 
 5
 Here, Cardenas was informed that he had a visitor, and was summoned to the first floor rotunda office in the Blue Mountain Unit of the Washington State Penitentiary. Upon arrival at the rotunda office, Cardenas, who was in a hurry to resume work on another appeal, asked Skillings whether he had a visitor. When Skillings did not respond promptly, Cardenas went inside of the office and began looking through the visitor list on the desk. As Cardenas viewed the list, Skillings allegedly turned around and "stroked his thumb up [Cardenas'] rear" through Cardenas' sweat pants, causing Cardenas to jump in surprise. Cardenas argues that he was humiliated and suffered emotional distress because of the incident.
 
 
 6
 At trial, Skillings testified that he did not jam his thumb into Cardenas' anus, nor did he ever harm or intend to harm Cardenas. Moreover, Skillings introduced evidence that Cardenas never requested or received mental health treatment or medical treatment for any injury stemming from the incident. Cardenas admitted that he never sought medical attention for emotional distress or physical injury.
 
 
 7
 The district court determined that the strength of the evidence was equal on both sides, therefore Cardenas could not prevail. The district court's factual findings, which were based partly on credibility determinations, are not clearly erroneous. We find no error in the district court's legal conclusion that Cardenas failed to prove by a preponderance of the evidence that Skillings violated the Eighth Amendment, See Brooker, 947 F.2d at 415; Toussaint, 801 F.2d at 1087.
 
 
 8
 Cardenas contends that he was denied access to the courts when prison officials retaliated by confiscating his legal folder before trial. To prevail on an access to the courts issue, Cardenas must show actual injury. Lewis v. Casey, 116 S.Ct. 2174, 2179-82 (1996); see Bounds v. Smith, 430 U.S. 817, 822 (1977); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). At trial, the district judge commended Cardenas on the presentation of his case. Moreover, Cardenas presented evidence that was equally as strong as the government's. Because Cardenas does not show actual injury, he cannot prevail on his access to the court claim. Casey, 116 S.Ct. at 2179-82; Bounds, 430 U.S. at 822.
 
 
 9
 Finally, Cardenas contends that the district court failed to impose sanction on Skillings for discovery abuses. Cardenas failed to raise this issue before the district court, thus we decline to review it for the first time on appeal. See Hawkins v. Risley, 984 F.2d 321, 323-24 (9th Cir.1993) (per curiam).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any of the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (1996)