98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. DAVID, Plaintiff-Appellant,
v.
Janet RENO, Attorney General; Richard Sponseller; Ben
Burch; Michael J. Yamaguchi; Albert Glenn;
Robert Twiss, Defendants-Appellees.
 No. 96-15227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Michael David appeals pro se the district court's dismissal of his application for a writ of mandamus. In the writ, David asked the district court to compel the United States Attorney, or on its own initiative, to convene a grand jury, pursuant to 18 U.S.C. § 1332(a). He also sought an investigation into alleged violations of the Racketeer Influenced and Corrupt Organization Act by those responsible for David's state arrest, prosecution and conviction for oral copulation with a minor, and for alleged wrongs suffered while he was incarcerated. Finally, he asked the district court to send the California Supreme Court a packet of evidence, and direct the court to convene a closed hearing.
 
 
 3
 Mandamus is an "extraordinary remedy ... appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir.1994) (quotations omitted). We agree with the district court's order of dismissal that the "allegations raised in the application [for a writ of mandamus] are not entirely clear." Moreover, David has not shown that he has no other adequate remedy available to him. See id. We conclude that the district court did not abuse its discretion, see Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986), in denying David's application for the extraordinary remedy of a writ of mandamus.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny David's request to appear and argue the merits of his case
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not abuse its discretion in not holding a hearing prior to dismissing David's complaint. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). In addition, we will not consider issues which David raises for the first time on appeal. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam)