139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marco A. PEREZ, Plaintiff-Appellant,
v.
D.M. SLAYTON; E.M. Powers; Mather; Jones; C.P. Matlock;
Garcia; B. Carter; Alex M. Astorga, Defendants-Appellees.
 No. 97-15980.
D.C. No. CV-91-01962.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California D. Lowell Jensen, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marco A. Perez, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment on the ground of collateral estoppel de novo, see Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir.1994), and we affirm.
 
 
 3
 Perez contends the district court erred by finding his section 1983 claim barred. This contention lacks merit.
 
 
 4
 The doctrine of collateral estoppel applies in section 1983 actions to preclude the consideration of issues already decided in state court. See Hawkins v. Risley, 984 F.2d 321, 324-25 (9th Cir.1993) (per curiam). Due process requires that a prior state judgment will be given preclusive effect only if the party against whom the decision is asserted had a "full and fair opportunity' to litigate the claim or issue" in the previous proceeding. See Kremer v. Chemical Const. Corp., 456 U.S. 461, 480-81, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); Silverton v. Department of the Treasury, 644 F.2d 1341, 1347 (9th Cir.1981). Under the Full Faith and Credit Clause the decision of a state court is entitled to the same preclusive effect in federal proceedings as it would have in that state's courts. See 28 U.S.C. § 1738 (1994). According to California law, the application of collateral estoppel requires that: (1) the issue decided in the prior action is identical to the issue in the present case; (2) there was a final judgment on the merits in the earlier proceeding; and (3) the party against whom the doctrine is invoked was a party or in privity with a party, in the prior action. See Lucido v. Superior Court, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (Cal.1990).
 
 
 5
 Here, Perez filed his state habeas petition in a California court based on the defendants alleged use of corporal punishment and unnecessary force. The state court denied his petition, accepting the Department of Corrections findings that the defendants did not assault Perez. Perez then filed this 1983 action in the district court alleging that the defendants used excessive force against him. The issue decided in the prior state action is identical to the issue in the present case. See Lucido, 272 Cal.Rptr. 767, 795 P.2d at 1225. Additionally, the state court's decision to deny Perez' state habeas petition was a final judgment on the merits. See id. Further, Perez is the party against whom collateral estoppel is being invoked and was the petitioner in the prior proceeding. See id. Perez notes that the state court judge did not hold a hearing on his state habeas petition but has failed to show that he was not afforded a "full and fair opportunity" to litigate his assault claim. See Silverton, 644 F.2d at 1347. Accordingly, Perez is collaterally estopped from bringing a section 1983 action premised on the same facts litigated in the state court. See Lucido, 272 Cal.Rptr. 767, 795 P.2d at 1225; Miller, 39 F.3d at 1032.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3