141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wallace Levan GRIFFEY, Plaintiff-Appellant,
v.
Robert G. BORG, Warden; Ted Zink, Associate Warden; C.
Tristan, Acting Program Administrator; T.J. Brown, CC II;
B. Rose; J. Wan; A. Tomasetti; J. McGrath; R. Souza; R.
Bryant; Charles D. Marshall; Theo White; B. Abrams; C.
Shepard; T. Kosloske; G. Moreno; R. Roberts; D. Mahtum;
T. Rosario; Defendants-Appellees.
 No. 96-16971.
D.C. No. CV-91-00325-DFL/GGH.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Eastern District of California David F. Levi, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wallace Levan Griffey, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's conclusion that res judicata precludes a cause of action, see Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam), and the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We may affirm on any ground supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 3
 Because Griffey's claim that defendants violated his due process rights by failing to provide him with notice that the Institutional Classification Committee could impose a term of confinement in the Special Housing Unit ("SHU") was considered and rejected in the state habeas proceeding, we conclude that Griffey was precluded from relitigating this claim in his § 1983 action and that the district court properly granted summary judgment for defendants on this claim. See Silverton v. Department of the Treasury, 644 F.2d 1341, 1347 (9th Cir.1981).
 
 
 4
 Because Griffey failed to submit evidence that defendants had no legitimate penological reasons for responding to his appeals in the time and manner that they did nor evidence linking the allegedly retaliatory conduct to Griffey's exercise of his constitutional rights, we conclude the district court did not err by granting summary judgment for defendants on Griffey's claim that defendants retaliated against him by failing to respond to his appeals in a timely fashion. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995).
 
 
 5
 Because Griffey submitted no evidence establishing what property defendants had confiscated and destroyed, which defendants were responsible for this conduct, or that he lacked an adequate post-deprivation remedy at state law, we conclude that the district court properly granted summary judgment for defendants on Griffey's claim that defendants confiscated and destroyed his personal property and legal materials. See Barnett, 31 F.3d at 816-17. Insofar as Griffey is alleging that confiscation and destruction of his legal materials interfered with his access to the courts, he failed to submit evidence that loss of the materials caused an actual injury to a non-frivolous challenge to his conviction or the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179-82, 135 L.Ed.2d 606 (1996).
 
 
 6
 We have reviewed the statements in Griffey's verified complaint concerning conditions of confinement in the SHU and conclude that they are insufficient to establish a genuine issue that these conditions were unconstitutional. Accordingly, we affirm the district court's grant of summary judgment for defendants on Griffey's Eighth Amendment claims.
 
 
 7
 Although Griffey has presented evidence that the highest level of administrative appeal within the prison concluded, and the state court opined, that he should not have been confined for fifteen months in the SHU, we are unable to identify a constitutional right of Griffey's which has been violated. Griffey's remedy for his rights violation, if any, is not found in § 1983. Accordingly, we affirm the district court's dismissal of this claim.
 
 
 8
 Each party shall bear its own costs on appeal.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because no exceptional circumstances supported the appointment of counsel, we conclude that the district court did not abuse its discretion by denying Griffey's motion for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991)