MEMORANDUM **
David K. Lewis, a California state prisoner, appeals pro se from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that his due process rights were violated in connection with the confiscation of a television set. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam). We affirm.
The district court properly granted summary judgment based on the doctrine of issue preclusion because Lewis’s due process claims were previously litigated and decided on the merits in a state habeas proceeding. See In re Lewis, 03W0051B, slip op. at 1-2 (Cal.Super.Ct. March 12, 2004); Silverton v. Dep’t of Treasury, 644 F.2d 1341, 1347 (9th Cir.1981) (holding that a state habeas proceeding decided on the merits precluded a section 1983 action in federal court).
The district court did not abuse its discretion by allowing defendants to renew *690 their motion for summary judgment because “an order denying a motion for summary judgment is generally interlocutory and subject to reconsideration by the court at any time.” Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79-80 (9th Cir.1979); see also Knox v. Sw. Airlines, 124 F.3d 1103, 1106 (9th Cir.1997) (rejecting contention that successive motions for summary judgment were impermissible).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.