NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENE MORAN, | No. 08-56005 |
| Plaintiff - Appellant, | D.C. No. 8:07-cv-01057-MMM-RNB |
| v. | |
| MEAGAN J. BEALE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Gene Moran, a former California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and therefore denies Moran's request.  *See* Fed. R. App. P. 34(a)(2).

defendants failed to correct perjured testimony by government witnesses. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 745 (9th Cir. 2006). We affirm.

The district court properly dismissed Moran's action because he seeks to litigate issues identical to those that were already litigated and decided in his federal habeas case. *See Hawkins v. Risley*, 984 F.2d 321, 323-25 (9th Cir. 1993) (per curiam) (precluding a plaintiff from religitating claims in a civil rights action that were already litigated and decided in his federal habeas case); *see also Reyn's Pasta Bella*, 442 F.3d at 746 (listing the elements for issue preclusion). Moreover, Moran's section 1983 claims are *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (precluding a section 1983 action when a judgment in favor of the plaintiff would necessarily imply invalidity of his sentence); *see also Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) (explaining that a former prisoner is not proscribed from challenging a conviction in habeas corpus after completing his sentence because a wrongful criminal conviction has continuing collateral consequences).

Moran's remaining contentions are unpersuasive.

**AFFIRMED.**