**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MORALES,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>PELICAN BAY STATE PRISON; et al.,<br><br>　　　　　Defendants - Appellees. | No. 11-17354<br><br>D.C. No. 4:06-cv-04175-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 10, 2012[**]

Before:　WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

　　　California state prisoner Jose Luis Morales appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his 2006 prison disciplinary proceedings.  We have

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hawkins v. Risley*, 984

F.2d 321, 323 (9th Cir. 1993) (per curiam) (issue preclusion). We may affirm on

any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59

(9th Cir. 2008), and we affirm.

Dismissal was proper because the state court's denial of Morales's petition

for a writ of habeas corpus challenging his prison disciplinary proceedings and

placement in the Security Housing Unit precluded Morales from relitigating the

same issues in a § 1983 action. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341,

1347 (9th Cir. 1981) ("[B]ecause of the nature of a state habeas proceeding, a

decision actually rendered should preclude an identical issue from being relitigated

in a subsequent § 1983 action if the state habeas court afforded a full and fair

opportunity for the issue to be heard and determined under federal standards.").

**AFFIRMED.**