**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JESUS GALINDO, | No. 11-57085 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07700-RSWL-MRW |
| v. | |
| LEE BACA, Los Angeles County Sheriff, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Jesus Galindo, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs in connection with the treatment he received for a

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

testicular disorder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam). We reverse and remand.

The district court improperly dismissed Galindo's action on the basis of issue preclusion. The record indicates that the district court in Galindo's prior federal action did not, because it could not, address Galindo's evidence showing that he mailed several complaints to defendants after he filed the action and received no response. *See Mckinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (prisoners must exhaust administrative remedies prior to filing suit, not during the pendency of the suit). Accordingly, the issue of whether Galindo exhausted administrative remedies was not fully litigated and decided against him in a previous action. *See Hawkins*, 984 F.2d at 325 ("Issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." (citation and internal quotation marks omitted)); *see also Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable").

**REVERSED and REMANDED.**