CANBY, Circuit Judge:
 

 The bankruptcy court dismissed an action brought by Jack W. McClain on the ground of res judicata. McClain appealed to the district court, which denied him relief. McClain now appeals the district court’s order.
 

 
 *1032
 
 On February 3, 1981, McClain contracted to sell to Coronado Financial Corporation (Coronado) his stock in Audio Alarm Systems, Inc., and his interest in the real property on which that business was located. Audio Alarm System was the subject of a Chapter 11 proceeding in bankruptcy court at the time. The parties amended the agreement on February 5, 1981, to include the transfer of additional equipment and an aircraft. The amendment contained a buyback clause which provided that “[i]n the event Purchaser decides not to further pursue the growth of the company, Seller may purchase back his entire interest in the company, for all out-of-pocket costs including all attorney’s fees incurred thus far.”
 

 In May 1981, McClain filed a complaint in bankruptcy court to rescind his agreement with Coronado and for appointment of a receiver. The complaint contained an allegation that “defendants have breached said contract in that they have failed to make the payments due to the various creditors [of McClain] ....” On May 22, 1981, the parties stipulated in chambers that McClain could repurchase his business and property if he deposited $50,000 with the court by June 22, 1981. The deposit was not made, and the bankruptcy court dismissed McClain’s complaint with prejudice.
 

 On September 9, 1981, McClain filed a second complaint in bankruptcy court. That complaint sought damages from the defendants for breach of contract. Following a three day trial, the court raised, sua sponte, the issue of the res judicata effect of McClain’s first action. After briefing by counsel, the court ruled that the judgment on the previous complaint precluded the granting of relief in the second action. The court, therefore, entered judgment in favor of the defendants.
 

 McClain appealed from the judgment in his second action to the United States Bankruptcy Appellate Panel of the Ninth Circuit. That panel found that the trial court did not abuse its discretion by raising the issue of res judicata sua sponte. The panel reversed and remanded, however, for further findings by the trial court on when the breaches alleged in one of the claims of McClain’s second complaint occurred.
 

 On remand, McClain contended that the individual installments on each loan for which he alleged defendants had agreed to indemnify him constituted separate causes of action and, therefore, no res judicata bar existed for any installment falling due after he filed his first complaint on May 8, 1981. The trial court concluded that the installment due dates were not at issue. The court found that what was at issue was the existence of the agreement to indemnify and that this agreement, if any existed, arose prior to the date of the filing of the first action. Consequently, the second cause of action of the second complaint was barred by res judicata.
 

 McClain appealed this decision to the district court, which requested supplemental briefing to address the question whether the prior bankruptcy panel decision was binding on the district court. The district court then denied the appeal without issuing a formal written opinion. The present appeal followed.
 

 We note jurisdiction. 28 U.S.C. § 158(d); former 28 U.S.C. § 1293(b).
 
 See In re Martinez,
 
 721 F.2d 262, 265 & n. 3 (9th Cir.1983);
 
 In re Jones,
 
 768 F.2d 923, 925-26 n. 3 (7th Cir.1985). We apply a de novo standard of review to questions of res judi-cata.
 
 Blasi v. Williams,
 
 775 F.2d 1017, 1018 (9th Cir.1985) (per curiam).
 

 DISCUSSION
 

 I.
 
 Sua Sponte Recognition of Res Judi-cata
 
 Issue
 
 [1]
 

 The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from mul-
 
 *1033
 
 tiple lawsuits.
 
 Americana Fabrics, Inc. v. L & L Textiles, Inc.,
 
 754 F.2d 1524, 1528-29 (9th Cir.1985). McClain’s complaint in his second action referred to the earlier judgment. It is consistent with these principles to permit a court which has been apprised by the plaintiff of an earlier decision arising out of the same contract upon which the action before the court is based, to examine the res judicata effect of that prior judgment sua sponte.
 
 See Evarts v. Western Metal Finishing Co.,
 
 253 F.2d 637, 639 n. 1 (9th Cir.),
 
 cert. denied,
 
 358 U.S. 815, 79 S.Ct. 23, 3 L.Ed.2d 58 (1958).
 
 See also United Home Rentals, Inc. v. Texas Real Estate Comm’n,
 
 716 F.2d 324, 330 (5th Cir.1983),
 
 cert. denied,
 
 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984);
 
 Boone v. Kurtz,
 
 617 F.2d 435, 436 (5th Cir.1980);
 
 Hicks v. Holland,
 
 235 F.2d 183, 183 (6th Cir.),
 
 cert. denied,
 
 352 U.S. 855, 77 S.Ct. 83, 1 L.Ed.2d 66 (1956).
 

 Here, McClain called to the bankruptcy court’s attention the earlier judgment that had been entered less than three months before he filed his second action. The court, after hearing evidence on the nature of McClain’s claim in his second action, questioned the res judicata effect of the prior judgment and requested post-trial briefs to address the applicability of that doctrine. Thus, both parties were permitted to address the question before the bankruptcy court ruled that the second action was barred by the prior judgment. Under these circumstances, the res judicata effect of the prior judgment was before the bankruptcy court, and the court’s sua sponte recognition of that issue was entirely proper.
 

 II.
 
 Res Judicata
 

 The concept of res judicata embraces two doctrines, claim preclusion and issue preclusion (or collateral estoppel),
 
 [2]
 
 that bar, respectively, a subsequent action or the subsequent litigation of a particular issue because of the adjudication of a prior action. Claim preclusion “treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same ‘claim’ or ‘cause of action.’ ”
 
 [3]
 

 South Delta Water Agency v. United States, Dep’t of Interior, Bureau of Reclamation,
 
 767 F.2d 531, 538 (9th Cir.1985) (quoting 18 C. Wright, A. Miller & E. Cooper,
 
 Federal Practice and Procedure,
 
 § 4402 at 7 (1981)). The preclusive effect of the prior decision of the bankruptcy court is determined under federal res judicata standards.
 
 Cf. Costantini v. Trans World Airlines,
 
 681 F.2d 1199, 1201 (9th Cir.),
 
 cert. denied,
 
 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982); 7 B. Witkin,
 
 California Procedure, Judgment,
 
 § 205 (3d ed. 1985).
 

 The doctrine of claim preclusion bars “all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties
 
 ...on the same cause of
 
 action....”
 
 Ross v. International Brotherhood of Electrical Workers,
 
 634 F.2d 453, 457 (9th Cir.1980) (emphasis added).
 
 See also Americana Fabrics, Inc.,
 
 754 F.2d at 1529;
 
 Costantini,
 
 681 F.2d at 1201. McClain contends that his first action only sought the right to exercise the buy-back provision and that his second complaint stated a different cause of action for damages for breach of contract. McClain asserts that these are two completely separate claims for relief because “there is no identity of facts essential to maintain the two suits.” McClain does not, however, point out any such “different facts” to this court.
 

 McClain argues that the allegations in his first complaint regarding the assumption of debts and breach of contract were irrelevant and unnecessary to the
 
 *1034
 
 claim for relief of that complaint. McClain misses the point. What is at issue here is the preclusiveness of the judgment in the previous action as to the legal harm for which McClain seeks redress in his second action.
 

 In his first action, McClain sought more than the right to exercise the buy-back provision; he sought redress for a legal harm: breach of contract. McClain cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory.
 
 Constantini,
 
 681 F.2d at 1201. Nor does the fact that McClain’s subsequent complaint seeks a different remedy for violation of the same primary right create a new cause of action.
 
 Sawyer v. First City Financial Corp.,
 
 124 Cal.App.3d 390, 400, 177 Cal.Rptr. 398, 403 (1981). McClain’s second action is therefore barred.
 

 AFFIRMED.
 

 [1]
 

 . The Bankruptcy Appellate Panel found that the bankruptcy court raised the issue of res judicata sua sponte. Appellees argue that they raised the issue during the opening of the case on their cross-complaint. Appellees do not cite to the record on appeal to support this argument. We, therefore, consider this question as if appellees had failed to raise these defenses at the trial level.
 
 See Weekes v. Atlantic National Ins. Co.,
 
 370 F.2d 264, 271 (9th Cir.1966).
 

 [2]
 

 . Because we find that the doctrine of claim preclusion bars McClain’s second action, we do not reach the collateral estoppel effect of the first action.
 

 [3]
 

 . A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.
 
 Nevada v. United States,
 
 463 U.S. 110, 130 n. 12, 103 S.Ct. 2906, 2918 n. 12, 77 L.Ed.2d 509 (1983) (citing
 
 Baltimore Steamship Co. v. Phillips,
 
 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927)).