952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry V. GEURIN, Plaintiff-Appellant,
v.
DEPARTMENT OF THE ARMY, Defendant-Appellee.
 No. 90-16783.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Jan. 6, 1992.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry V. Geurin appeals pro se the district court's dismissal of his complaint against the Department of the Army seeking military disability, retirement, and Veterans Administration disability benefits. Geurin contends that the district court erred by: (1) finding that Geurin failed to state a claim upon which relief could be granted; (2) failing to include findings of fact and conclusions of law in its decision; and (3) failing to timely serve Geurin with a copy of the court's final judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review de novo the district court's finding that an action is barred by the doctrine of res judicata. McClain v. Apodaca, 793 F.2d 1031, 1032 (9th Cir.1986).
 
 
 4
 The doctrine of res judicata encompasses the doctrines of issue preclusion, also known as collateral estoppel, and claim preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988). "The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." Id. at 322 (quotation omitted). "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. at 321 (quotation omitted). Claim preclusion also "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action...." Ross v. International Bhd. of Elec. Workers, 634 F.2d 453, 457 (9th Cir.1980).
 
 
 5
 Here, Geurin filed a complaint in United States Claims Court on September 16, 1985, seeking to change his "undesirable discharge" status to a new discharge status based on physical disability allegedly due to injuries he received while on active duty in the Army. He also sought past and future disability benefits (ER at 44). Geurin based these claims on 28 U.S.C. § 1491, which gives the claims court jurisdiction to hear claims against the United States based on the constitution or any act of Congress (ER at 50). The claims court found that Geurin was not entitled to disability benefits, that his claims were barred by laches, and that review of the Veteran's Administration's finding that his disability did not result from military service was barred by statute (ER at 63). In an unpublished decision, the Court of Appeals for the Federal Circuit affirmed the claims court's holding. Geurin v. United States, 809 F.2d 790 (Fed.Cir.1986).
 
 
 6
 Geurin filed the present action on September 28, 1989, and, as in his previous action, seeks to have his undesirable discharge changed to a physical disability discharge, and seeks past and future disability benefits for his alleged service-caused disability. Geurin asserts a new basis for jurisdiction, however, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, alleging that the army denied him the opportunity to correct his records by failing to provide him with these records within ten days of receipt of his claim.
 
 
 7
 Geurin is attempting to relitigate claims that have been decided against him in his September 16, 1985 action. The doctrine of res judicata bars such relitigation. See Robi, 838 F.2d at 321-22. Geurin named the United States as a defendant in the previous action and now asserts his claims against the Army. The identity of parties requirement under res judicata, however, is fulfilled because the effect of a judgment in Geurin's favor in either case would be to require the government to pay or to require it to act or refrain from acting in a certain way. See Stafford v. Briggs, 444 U.S. 527, 542 n. 10 (1980); Dugan v. Rank, 372 U.S. 609, 620 (1963). Because Geurin's claims have been decided against him in his prior action, FOIA and the Privacy Act do not provide an independent basis to relitigate these claims. See Robi, 838 F.2d at 321-22.
 
 
 8
 Geurin's contentions that the district court failed to "try the facts in dispute" and failed to include findings of fact and conclusions of law in its order are without merit. Because it is undisputed that Geurin filed identical claims against identical parties in both actions there was no need to "try the facts" as there were none in dispute for purposes of the Army's motion to dismiss.
 
 
 9
 Finally, there is no evidence in the record to support Geurin's contention that the failure of the district court to timely serve him with a copy of the judgment entered October 17, 1990, deprived him of the opportunity to move for amendment or reconsideration under Fed.R.Civ.P. 52(b) & 59(e). Moreover, Rules 52(b) and 59(e) specifically provide that a motion to alter or amend the judgment must be filed within ten days after entry of the judgment, and there is no requirement that a copy of the judgment be received by the parties.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On October 31, 1991, Geurin filed a motion for leave to file a supplement to his brief on appeal. This motion is denied