952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James WILLIAMSON, Plaintiff-Appellant,
v.
UNITED STATES of America; Joseph B. Bradshaw, Defendants-Appellees.
 No. 90-16380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Jan. 6, 1992.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Williamson appeals pro se the district court's dismissal of his action in which he sought to challenge the Internal Revenue Service's ("IRS") levy, seizure, and sale of his home for failure to file income tax returns or to pay his tax liabilities for the years 1978 through 1981. The district court granted the United States's motion to dismiss and subsequently dismissed the entire case with prejudice on the grounds that (1) the suit was barred by the doctrine of res judicata; (2) 28 U.S.C. § 2410 does not confer jurisdiction in this matter; (3) the defendants IRS employees cannot be sued in their individual capacities under section 2410; and (4) Williamson filed a frivolous pleading in violation of the district court's August 10, 1990 order warning Williamson that the filing of such a pleading would result in dismissal of the entire action with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's finding that an action is barred by the doctrine of res judicata. McClain v. Apodaca, 793 F.2d 1031, 1032 (9th Cir.1986).
 
 
 4
 The doctrine of res judicata encompasses the doctrines of issue preclusion, also known as collateral estoppel, and claim preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988). "The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." Id. at 322 (quotation omitted). "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Robi, 838 F.2d at 321 (quotation omitted). Claim preclusion also "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action...." Ross v. International Bhd of Elec. Workers, 634 F.2d 453, 457 (9th Cir.1980).
 
 
 5
 Here, the IRS served Williamson with demands for payment of taxes, a notice of tax lien, a notice of levy and seizure, and a notice of sale, before his property was sold to defendant Joseph B. Bradshaw on November 13, 1986. On November 26, 1986, Williamson filed a complaint challenging the IRS's levy, seizure, and sale of his property (CR 53, Exh. 1). On March 5, 1987, the district court dismissed the case with prejudice upon finding that Williamson had alleged no facts which if proven would have entitled him to relief (CR 53, Exh. 2). This court dismissed for lack of jurisdiction Williamson's untimely appeal of the district court's order. (Appellee's Brief at 17).
 
 
 6
 Williamson filed the present action on March 21, 1989 again challenging the IRS's levy, seizure, and sale of his property, and alleging for the first time that the United States had waived its sovereign immunity under 28 U.S.C. § 2410. Because the claims challenging the levy, seizure, and sale of Williamson's property in the present action have been litigated and decided against Williamson in his November 26, 1986 action, the district court did not err by dismissing the present action under the doctrine of res judicata. See Robi, 838 F.2d at 321-22. Williamson also could have raised his waiver of sovereign immunity claim under section 2410 in his November 26, 1986 action, but failed to do so. Accordingly, claim preclusion bars this claim as well. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3