977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. HEIMBAUGH, Plaintiff-Appellant,
v.
CITY & COUNTY OF SAN FRANCISCO, San Francisco Sheriff's
Dept., San Francisco Civil Service Commission, Michael
Hennessey, James F. Harrigan, Betty Bortin, Dan Flynn, Peter
Lichtmann, James Denman, Edgar Flower, Jr., et al.,
Defendants-Appellees.
 No. 92-15109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 27, 1992.*
Decided Oct. 8, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Notwithstanding "Heimbaugh II," No. 91-16068, Robert Heimbaugh now appeals the district court's denial of his motion to disqualify the district court judge and remand this case to state court. He also appeals the dismissal of his claim on the ground of res judicata. This proceeding is "Heimbaugh III."
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 It is not necessary to restate the facts and proceedings of Heimbaugh I and Heimbaugh II. These appear in the latter case, No. 91-16068.
 
 
 4
 This is the plaintiff's third attempt to litigate his wrongful termination claim. The Heimbaugh III complaint was filed in state court one month after the district court dismissed Heimbaugh II under Fed.R.Civ.P. 12(b)(6). The Heimbaugh III complaint differs from the Heimbaugh II complaint in one respect: federal claims are omitted, and the plaintiff has proceeded solely on state claims. The defendant removed the case to federal district court. Heimbaugh then moved to disqualify the federal judge, and remand the case to state court. The district court denied both motions and dismissed the case under Fed.R.Civ.P. 12(b)(6) on the ground of res judicata. The appellant filed a timely notice of appeal.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 5
 The district court had jurisdiction under 28 U.S.C. § 1331. This panel has jurisdiction under 28 U.S.C. § 1291. A judge's refusal to disqualify herself under 28 U.S.C. § 455 (1988) is reviewed for abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1294 (9th Cir.1992). The denial of a motion to remand a case which was removed from state to federal court is a question of federal subject matter jurisdiction which is reviewed de novo. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.), cert. denied, 484 U.S. 850 (1987). A district court's dismissal on the ground of res judicata is reviewed de novo. E. & J. Gallo Winery, 967 F.2d at 1287.
 
 III.
 DISCUSSION
 
 6
 A. District judge did not abuse her discretion when she refused to disqualify herself.
 
 
 7
 Recusal or disqualification of a judge is at issue when a reasonable person would conclude that the judge's impartiality might reasonably be questioned. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). The judge against whom the motion for disqualification is made should rule on its legal sufficiency. Studley, 783 F.2d at 940. The appellant insists that the district judge should have disqualified herself because of her "admitted social contact" with the defendant. However, the district judge directly contradicted this assertion and stated that she "wouldn't know Sheriff Hennessey if [she] fell over him." No reasonable person would question the judge's impartiality based on this unsupported assertion.
 
 
 8
 Appellant also argues that the judge's failure to address the "central fact of the case," the "extortionate threat" to prosecute his girlfriend for filing a false police report, evidences the judge's bias. This "central fact" has indeed been considered,[1] but even if it had not been, this argument fails because only extrajudicial conduct can form the basis for disqualification. An adverse ruling or other judicial action on a case cannot provide a basis for disqualification or recusal. Studley, 783 F.2d at 939. The district judge did not abuse her discretion in refusing to recuse herself.
 
 
 9
 B. The district court should have denied the appellant's motion to remand because the Heimbaugh III complaint is an attempt to circumvent the res judicata effect of the Heimbaugh I and II judgments.
 
 
 10
 A prior federal judgment based on federal law gives the federal court jurisdiction to remove subsequent claims that are "artfully pleaded." Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1415 (9th Cir.1990) (holding that removal is improper where prior federal judgment is based solely on state law). "Artfully pleaded" claims include state claims filed to circumvent the res judicata impact of a federal judgment. Id. As the Ultramar court explained:
 
 
 11
 When a litigant has suffered a final defeat on a federal claim yet thereafter files a similar-although-not-preempted state claim in state court, the sequence of events gives rise to an inference that the litigant is not interested in the state cause of action per se, but is instead attempting to circumvent the effects of the federal question judgment. In this limited instance, removal is allowed.
 
 
 12
 Id. at 1417.
 
 
 13
 The facts here squarely fit within the "artful pleading" doctrine as described in Ultramar. Heimbaugh II ended in a 12(b)(6) dismissal of the appellant's 42 U.S.C. § 1983 federal claims (as well as his pendent state claims). This is a federal judgment based on federal law. Thus, under Ultramar, the district court had jurisdiction to remove "artfully pleaded" claims. Heimbaugh III was filed one month after Heimbaugh II was dismissed, and the only difference between the two complaints was the omission of the federal law claims in Heimbaugh III. These facts lead to the conclusion that the purpose of Heimbaugh III was to circumvent the res judicata effect of Heimbaugh II. Therefore, the court properly removed the action to federal court.
 
 
 14
 C. Dismissal on the ground of res judicata was proper.
 
 
 15
 Once removed, the case was properly dismissed on the ground of res judicata because res judicata bars subsequent actions that arise from the "same transaction or series of transactions" as the original action. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992). Since Heimbaugh I, Heimbaugh II and Heimbaugh III all arose from the same set of facts, they are part of the same transaction for res judicata purposes. Id. Here, the appellant is seeking the same relief based on the same facts as he did in Heimbaugh I and Heimbaugh II. One cannot avoid the res judicata bar merely by pleading new legal theories, as the appellant has tried to do here. McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir.1986).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Ninth Circuit stated in affirming Heimbaugh I: "Ms. Bortin's warning that Heimbaugh's cohabitant may face possible felony prosecution if she contradicted her earlier statements to the police was appropriate and did not render the termination hearing unfair."