42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manse SULLIVAN, Plaintiff-Appellant,
v.
Robert Glenn BORG, Warden at Folsom State Prison; J.R.
Depue, Associate Warden-Operations, Jack R. Reagan, Chief,
Inmate Appeals Branch and E. McNair, Unit II Program
Administrator, Defendants-Appellees.
 No. 94-15940.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manse Sullivan, a California state prisoner, appeals pro se from the district court's grant of summary judgment in favor of the appellees in his 42 U.S.C. Sec. 1983 action. Sullivan contends that the district court erred by finding sua sponte that his Sec. 1983 suit was barred by the doctrine of res judicata. Specifically, Sullivan asserts in his Sec. 1983 complaint that prison officials violated his constitutional rights by improperly finding that he had attempted to incite other inmates to riot by circulating an inflammatory petition in his housing unit. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's order granting summary judgment and the district court's sua sponte determination that Sullivan's Sec. 1983 action was barred by the doctrine of res judicata. International Union v. Karr, 994 F.2d 1426, 1429 (9th Cir.1993); McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir.1986).
 
 
 4
 The doctrine of res judicata consists of two concepts, claim preclusion and issue preclusion. Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." McClain, 793 F.2d at 1033. Issue preclusion prevents relitigation of "all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir.1993) (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988)). Because Sullivan's Sec. 1983 complaint raises identical issues which were previously presented to the state courts in his petitions for habeas corpus, we apply the doctrine of issue preclusion to determine whether the prior adverse state habeas decisions have res judicata effect on Sullivan's Sec. 1983 action. See Allen v. McCurry, 449 U.S. 90, 96 (1980); Hawkins, 984 F.2d at 325.
 
 
 5
 Federal courts give preclusive effect to issues decided by state courts when a party from a prior state court proceeding attempts to relitigate identical issues in a subsequent federal proceeding. Allen, 449 U.S. at 96. A district court may decide a case on preclusion grounds sua sponte when the court hears evidence and gives both parties an opportunity to address the issue before ruling. Hawkins, 984 F.2d at 324; McClain, 793 F.2d at 1032-33. An adverse state habeas proceeding decided on the merits against a party may preclude that party from litigating identical issues in a subsequent Sec. 1983 action brought in federal court. Silverton v. Dep't of Treasury, 644 F.2d 1341, 1346-47 (9th Cir.), cert. denied, 454 U.S. 895 (1981); see Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir.1981). Preclusion is proper if the state habeas court afforded the federal plaintiff a full and fair opportunity to litigate his claims under federal standards. Silverton, 644 F.2d at 1346-47; Allen, 449 U.S. at 101.
 
 
 6
 Under the Full Faith and Credit Act, 28 U.S.C. Sec. 1738, federal courts must "give the same preclusive effect to a state court judgment as another court of that State would give." Palomar Mobilehome Park v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993) (quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986)). Accordingly, this Court looks to California law to determine the res judicata effect of the prior state habeas judgments on a subsequent Sec. 1983 action. Id. ; see Los Angeles Branch NAACP v. L.A. Unified School Dist., 750 F.2d 731, 736 (9th Cir.1984) (en banc) (state law determines preclusive effect of prior state court judgment involving either claim or issue preclusion in subsequent federal proceeding), cert. denied, 474 U.S. 919 (1985).
 
 
 7
 California courts focus on five factors in determining whether the collateral estoppel aspect of the doctrine of res judicata applies in a specific case. These factors are as follows:
 
 
 8
 "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding."
 
 
 9
 Branson v. Sun-Diamond Growers, 24 Cal.App.4th 327, 346 (1994) (quoting Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990)).
 
 
 10
 Here, the record indicates that Sullivan filed two original habeas corpus petitions in the California Superior Court claiming that his First Amendment right to free speech and Fourteenth Amendment equal protection and due process rights were violated when prison officials improperly determined that he had attempted to incite a prison riot. The superior court denied both petitions. Sullivan then presented the same issues in subsequent original habeas corpus petitions to the California Court of Appeal and the California Supreme Court. Both the court of appeal and the supreme court denied the petitions.
 
 
 11
 Sullivan concedes that he raises the same issues in his Sec. 1983 complaint that he raised in the state courts, but he asserts that the state courts did not afford him a full and fair opportunity to litigate the constitutional issues he presented in his habeas petitions and that accordingly, he should not now be estopped from litigating these issues in his Sec. 1983 action. The record, however, reflects that the California Superior Court, California Court of Appeal, and the California Supreme Court fully considered Sullivan's arguments and that the state courts decided the federal issues on the merits when they denied Sullivan's habeas petitions on no less than four separate occasions. Accordingly, Sullivan was afforded his due process right to a full and fair opportunity to litigate his constitutional claims in the prior state court proceedings. See Palomar Mobilehome Park, 989 F.2d at 365; Silverton, 644 F.2d at 1346-47.
 
 
 12
 In addition, the record indicates that the district court afforded both parties the opportunity to address the preclusion issue in their briefs before the court made its ruling. The district court therefore properly ruled sua sponte that because Sullivan's Sec. 1983 action raises identical issues which were previously presented to and decided on the merits by the California state courts in his state habeas petitions, the Sec. 1983 action was precluded by the doctrine of res judicata. See Hawkins, 984 F.2d at 324; McClain, 793 F.2d at 1032-33; see also State of Nevada Employees Ass'n v. Keating, 903 F.2d 1223, 1225-26 (9th Cir.), cert. denied, 498 U.S. 999 (1990) (district court's sua sponte application of res judicata was improper where district court did not allow parties to brief preclusion issue)). We conclude that the district court properly applied the doctrine of res judicata to bar Sullivan's subsequent Sec. 1983 action. See Silverton, 644 F.2d at 1346-47.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3