59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re HERITAGE HOTEL PARTNERSHIP I, A Limited Partnership, Debtor.
HERITAGE HOTEL LIMITED PARTNERSHIP I, a Nevada Partnership;
National Heritage Industries, Inc., a Nevada
corporation; Daniel Keiserman, Appellants,
v.
VALLEY BANK OF NEVADA, a Nevada corporation; Key Bank, a
foreign corporation; and DOES 1 through 10,
Inclusive, Appellees.
 No. 93-17283.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1995.*
Decided June 20, 1995.
 
 Before: GOODWIN, FARRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Heritage Hotel's lender liability claims against Valley Bank are barred under the doctrine of claim preclusion[1] if: (1) Heritage Hotel could have raised the claims in a prior proceeding in which (2) a court of competent jurisdiction rendered a final judgement on the merits, (3) involving the same parties or their privies, and (4) involving the same cause of action. International Union v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993).
 
 
 3
 Heritage Hotel raises one principle argument on appeal.[2] It argues that the bankruptcy court's confirmation of the reorganization plan was not a final judgment. This argument fails because the bankruptcy code provides that a debtor is bound by a confirmed plan. 11 U.S.C. Sec. 1141(a); see also Lomas Mortgage v. Wiese, 980 F.2d 1279, 1284 (9th Cir. 1992) (holding that confirmation of a Chapter 13 plan is res judicata). Further, Bankruptcy Rule 1007(b)(1), Form No. 6, Schedule B-2 requires debtors to disclose contingent and unliquidated claims "of every nature, including counterclaims of the debtor."
 
 
 4
 Heritage Hotel's arguments are not persuasive. It cites D-1 Enterprises, Inc. v. Commercial State Bank, 864 F.2d 36 (5th Cir. 1989) for the argument that a decision modifying the automatic stay of a creditor's actions is not a final judgment. D-1 Enterprises is not applicable, however, because confirmation of the reorganization plan, not the modification of the automatic stay, triggered claim preclusion. Matter of Baudoin, 981 F.2d at 742 n.13. Heritage Hotel also contends that the Confirmation Order could not be a final judgment because it did not include "the amount of money which was owed by [Heritage Hotel] to the Bank." This statement is inaccurate. The Confirmation Order states that "[Heritage Hotel] shall pay to Valley Bank the full amount of the indebtedness on or before 60 days following July 6, 1992."
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The parties use the term res judicata rather than claim preclusion. Res judicata actually encompasses both claim preclusion and issue preclusion. McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986). We follow the Supreme Court's suggested approach, referring to the issue as claim preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)
 
 
 [2]
 Heritage Hotel states that the Bankruptcy Appeals Panel also erred in holding that its suit was barred under principles of estoppel. Because we find that the claims were barred by res judicata, we do not reach this alternate ground for the Bankruptcy Appeals Panel's decision