131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ngoc Thi WIDDOWSON, Plaintiff-Appellant,
v.
ITT CORPORATION, a Delaware corporation with its principal
place of business in New York City; dba ITT
Cannon, Defendant-Appellee.
 No. 96-17027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-01107-ROS; Roslyn O. Silver, District Judge, Presiding.
 Before CHOY, ALARCN, and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ngoc Thi Widdowson ("Widdowson") appeals from the grant of summary judgment in favor of International Telephone and Telegraph Corporation ("ITT") based on the doctrine of res judicata.
 
 
 3
 Widdowson concedes that res judicata bars her claim for discriminatory discharge under Title VII and her state law claim for wrongful discharge. We affirm the dismissal of these claims. Widdowson contends that her hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., however, is not barred by the doctrine of res judicata. We agree and reverse the dismissal of Widdowson's hostile work environment claim.
 
 I.
 
 4
 ITT employed Widdowson as a mechanic and set-up operator from August 14, 1978 until February 20, 1991. During her employment, she asked her supervisors and personnel manager for promotions, transfer to available positions, and training on different machinery. She alleged that her requests were rejected because of her gender. Widdowson also alleged that her supervisor made sexually offensive and discriminatory remarks to her on almost a daily basis. She further alleged that the plant manager made racially derogatory comments referring to Asians as "the slant-eyed people."
 
 
 5
 On February 20, 1991, ITT terminated Widdowson's employment. Widdowson filed a complaint for race and gender discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 1, 1991. On March 30, 1994, the EEOC issued a determination finding reasonable cause existed that ITT wrongfully discriminated against Widdowson. The EEOC then attempted to settle the dispute by means of conciliation. On April 24, 1995, the EEOC issued Widdowson a Notice of Right to Sue when the conciliation process failed.
 
 
 6
 Meanwhile, Widdowson and eight other ITT employees filed an action on February 3, 1994, for breach of the seniority provisions of ITT's employment contracts. The employment contracts were implied from written policies listed in ITT's employment handbook. The district court granted ITT's summary judgment motion in that action ("Widdowson I ").
 
 
 7
 In Widdowson's present action ("Widdowson II "), the district court withheld determination on any issue besides res judicata. The district court stated "[b]ecause this Court holds that this action can be dismissed under the doctrine of res judicata, this Court need not resolve Defendant's additional arguments in favor of dismissal and/or summary judgment."
 
 II.
 
 8
 Widdowson argues that her hostile work environment claim is not subject to preclusion by the doctrine of res judicata. "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992) (citing McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir.1986)). Widdowson and ITT were parties to Widdowson I. Thus, the only issue before the court is whether Widdowson I constitutes the same cause of action.
 
 
 9
 We consider the following four factors in determining whether successive lawsuits constitute the same cause of action:
 
 
 10
 (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
 
 
 11
 (2) whether substantially the same evidence is presented in the two actions;
 
 
 12
 (3) whether the two suits involve infringement of the same right; and
 
 
 13
 (4) whether the two suits arise out of the same transactional nucleus of facts.
 
 
 14
 Id.
 
 
 15
 First, Widdowson's hostile work environment claim in no way impairs ITT's rights or interests established in Widdowson I regarding the employment contracts. In Widdowson I, the plaintiffs alleged that ITT violated seniority provisions of their employment contracts. In Widdowson II, Widdowson alleged that she was subjected to a hostile work environment that extended throughout the duration of her thirteen year employment with ITT.
 
 
 16
 Second, contrary to ITT's contention, the two actions require presentation of discrete evidence. In Widdowson II, Widdowson alleged facts relating to discriminatory practices of her supervisors such as the failure to train and promote her, subjecting her to discriminatory comments regarding her gender, and the plant manager's references to persons of the Asian race as "slant-eyed people," and comparing them to anteaters. Her employment contract dispute in Widdowson I did not involve evidence of race or gender discrimination. It dealt with wrongful termination resulting from a violation of the seniority provisions of the plaintiffs' employment contracts.
 
 
 17
 Third, the two actions do not involve infringement of the same right. Widdowson I asserts a contract right. Widdowson II asserts a Congressionally-mandated right to work in a hostile-free environment.
 
 
 18
 Fourth, Widdowson II alleges wrongdoing based on an entirely different transactional nucleus of facts than Widdowson I. Widdowson I's cause of action is based on a single event, a breach of contract, while Widdowson II is based upon an allegation of continuous discriminatory conduct which created a hostile work environment. See Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 284 (9th Cir.1997) ("[T]he determination of what comprises a single cause of action is not a precise or mechanical process.... [R]es judicata should not be applied so rigidly as to defeat the ends of justice."), Fund for Animals, Inc. v. Lujan, 962 F.2d 1391 (9th Cir.1992) (action not barred by res judicata even though both the present and prior actions concerned bison management plans, because the plans were approved at separate times and regarded different governmental conduct), and Anderson v. Chrysler Corp., 99 F.3d 846, 852-53 (7th Cir.1996) ("courts should examine the 'facts' of a case at a sufficient level of specificity" to ensure that future parties receive fair notice). Thus, under our four-part test, we hold that Widdowson II does not constitute the same cause of action, and is not barred by the doctrine of res judicata.
 
 III.
 
 19
 We decline the invitation to determine in the first instance whether ITT was entitled to a summary judgment on alternate grounds not considered by the district court. As a general rule, "a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). Therefore, we do not determine whether the doctrine of laches applies to Widdowson's claim, or if she failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.
 
 
 20
 We also express no opinion on the question whether Widdowson was required to plead and prove that she gave notice to her employer of the alleged discriminatory conduct of her supervisors. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986) (declining to issue a definitive rule on employer liability, but agreeing with the EEOC that Congress wanted courts to look to agency principles for guidance in this area). See also 29 C.F.R. § 1604.11 (an employer "is responsible for its acts and those of its agents and supervisory employees with respect to sexual harassment ... regardless of whether the employer knew or should have known of their occurrence"), Ellison v. Brady, 924 F.2d 872, 881 (9th Cir.1991) ("employers can be liable for sexual harassment without actual notice of the alleged discriminatory conduct"). Cf. Steiner v. Showboat Operations Co., 25 F.3d 1459 (9th Cir.1994) (in action involving harassment by a supervisor, court cited and applied without discussion Ellison's rationale in assessing an employer's liability for harassment by a co-worker).
 
 
 21
 Widdowson's claim for discriminatory discharge under Title VII and state law claim for wrongful discharge is AFFIRMED. Her hostile work environment claim is REVERSED and REMANDED for further proceedings in accordance with this memorandum.
 
 
 22
 No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3