**GARY FONG, INC., Plaintiff,**

v.

**Teresa C. HALTON and Peter Halton, Defendants.**

**No. C 00–4673 MJJ.**

United States District Court, N.D. California.

March 21, 2001.

Edward R. Schwartz, Christie Parker & Hale, Pasadena, CA, for plaintiff.

Steven L. Smilay, Murchison & Cumming, Los Angeles, CA, David E. Newhouse, Newhouse & Associates, San Mateo, CA, for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

JENKINS, District Judge.

Before the Court is defendants Teresa Halton and Peter Halton's ("Defendants") Motion to Dismiss the Complaint or, in the Alternative Motion for Summary Judgment. This motion requires the Court to consider whether plaintiff Gary Fong, Inc.'s ("Plaintiff") Complaint is barred by the doctrine of *res judicata*. The Court hereby GRANTS Defendants' motion for summary judgment because Plaintiff should have raised the current causes of action for false designation of origin and common law trademark infringement with respect to the domain name "storybook.com" in a previously litigated action.

## FACTUAL BACKGROUND

Plaintiff filed its Second Amended Complaint ("SAC") in a prior action, *Gary Fong, Inc. v. Teresa C. Halton and Peter C. Halton,* CV 98–9034 ABC and CV 98–7769 ABC, on March 28, 2000 in the Central District of California. The SAC asserted the following claims against Defendant Teresa Halton:

1) a claim seeking the cancellation of a trademark registration;

2) a claim for violation of the Lanham Act, 15 U.S.C. § 1125(a);

3) a claim alleging a breach of fiduciary duty;

4) a claim for breach of an oral agreement; and

5) a claim for copyright infringement.

Plaintiff also asserted the Lanham Act claim against Defendant Peter Halton. This previous suit dealt with both Defendants' alleged infringement of Plaintiff's service mark, "Storybook Studio." The parties submitted a joint pretrial order on June 29, 2000. The court signed the Pretrial Order on July 10, 2000. The Pretrial Order asserted the same claims as the SAC.

The matter was tried before a jury from July 19 through July 26, 2000. The jury returned a special verdict on July 26, 2000 in favor of Plaintiff. Plaintiff was awarded $105,446.16 in compensatory damages from Defendants, jointly and severally, for infringement of the service mark "Storybook

Studio." Plaintiff was also awarded $64,518.48 in compensatory damages from Defendant Teresa Halton for fraudulent procurement of service mark registration and breach of oral agreement with respect to the service mark "Storybook Studio."

On August 10, 2000 the court asked for briefing on Defendants' objections to Plaintiff's injunctive and declaratory relief requests. Both parties filed briefs on this issue. The relevant motion for resolution was Plaintiff's motion to amend the Pretrial Order to clarify Plaintiff was seeking to hold Defendants liable for infringing not only the "Storybook Studio" service mark, but also the "Storybook" service mark. Plaintiff argued the claim regarding the "Storybook" service mark was disclosed in the Pretrial Order by its breach of fiduciary duty claim. Specifically, Plaintiff asserted Defendants were on notice of a service mark claim regarding "Storybook" because the fiduciary duty claim relied on Defendants' registration of the "storybook.com" website.

> The court disagreed stating,
> [e]ven viewed in the most liberal sense possible, the statement that "Defendants' registration of the domain name storybook.com" violated T. Halton's fiduciary duty to Plaintiff fails to encompass the legal theory that Defendants infringed on Plaintiff's service mark in violation of federal law. Furthermore, the PTO [Pretrial Order] expressly asserts a claim for service mark infringement *that did not list* "Storybook" as a service mark. Thus, the PTO [Pretrial Order] does not assert a service mark claim based on the use of "Storybook."

Def.'s Ex. L at 26 (emphasis added). The court went on to state, "the Court finds that the issue of the 'Storybook' service mark *was not* presented at trial." *Id.* at 27 (emphasis added).

In the case pending before this Court, Plaintiff's causes of action are for false designation of origin and common law trademark infringement with respect to "storybook.com."

## LEGAL STANDARD

If a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) presents matters outside the pleadings, and such evidence is considered by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). Since the material facts regarding the prior action in the Central District are not disputed by the parties, including those facts that are beyond the face of the pleadings in this case, the Court finds it appropriate to consider the facts offered and rule on the appropriateness of summary judgment. Under Federal Rule of Civil Procedure 56, summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## ANALYSIS

Defendants argue that this case cannot be maintained because it is barred on grounds of *res judicata.* Under the doctrine of *res judicata,* a final judgment

on the merits bars further claims by parties or their privities based on the same cause of action. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). A person may be precluded from pursuing a claim if a prior party so closely represented his legal interests as to be his virtual representative. *See Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402 (9th Cir. 1993); *Bechtel Petro., Inc. v. Webster,* 636 F.Supp. 486, 498 (N.D.Cal.1984). Specifically, a federal action may be barred by the doctrine of *res judicata* where an earlier lawsuit: (1) involved the same claim as the present suit; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies. *See Blonder–Tongue Laboratories v. Univ. Of Ill. Found.,* 402 U.S. 313, 323–324, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). "[R]es judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *Int'l Union of Operating Engineers–Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr,* 994 F.2d 1426, 1430 (9th Cir.1993) (citing *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir.1986)). Likewise, "[r]es judicata bars all grounds for recovery that *could have been asserted, whether they were or not,* in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir.1992) (emphasis added). "One major function of claim preclusion is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit." 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure,* § 4408 (2000).

The Ninth Circuit considers four factors in determining whether successive claims constitute the same cause of action:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; (4) whether the two suits arise out of the same transactional nucleus of facts.

*Int'l Union of Operating Engineers–Employers,* 994 F.2d at 1429 (citing *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982)). These factors, however, are "tools of analysis, not requirements." *Id.* at 1430 (citing *Derish v. San Mateo–Burlingame Bd. of Realtors,* 724 F.2d 1347, 1349 (9th Cir.1983)). For example, the Ninth Circuit has previously applied the doctrine of *res judicata* solely on the ground that the two claims arose out of the same transaction, without reaching the other factors. *See id.* at 1430 (citing *C.D. Anderson & Co. v. Lemos,* 832 F.2d 1097, 1100 (9th Cir.1987)). Determining whether two events are part of the same transaction is essentially dependent on whether the events are related to the same set of facts and whether the events could conveniently be tried together. *See id.* at 1429 (citing *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992)).

The Defendants set forth the above-mentioned factors to demonstrate that Plaintiff's claim is identical to the previous one. Defendants argue Plaintiff's current claim arises out of the same nucleus of facts as the previous claim and is therefore barred. Defendants maintain that Plaintiff had a full and fair opportunity to assert superior rights to use "storybook.com" in the previous action. Further, Defendants point out that the Central District Court found Plaintiff was not entitled to relief regarding infringement of "Storybook" or "storybook.com" because Plaintiff failed to include that claim in the Pretrial Conference Order. Therefore, according to Defendants, the claims in this case arise from

the same nucleus of facts at issue in the prior action, and could have been litigated in the earlier case.

Defendants mention two additional factors to support their position: (1) the parties will present substantially the same evidence and (2) the two suits involve infringement of the same right. Defendants explain that Plaintiff will need to produce the same evidence, mainly that Plaintiff has a valid mark of "Storybook," that Defendants used the mark in commerce, that Defendant's use was likely to cause confusion, and that Plaintiff was damaged. Defendants also argue the heart of Plaintiff's new infringement claim is the same as its prior claim: that Plaintiff has superior rights to use as a service mark "Storybook," whether alone or in conjunction with other words.

In opposition, Plaintiff contends the current infringement claim is different and it could not have been brought it in the prior action. However, Plaintiff offers no compelling explanation of why it could not have brought this claim in the prior suit. Plaintiff simply explains Defendant has since changed "storybook.com" from a photography promotion website into a link to Defendants' new personal website. According to Plaintiff, this somehow prevented Plaintiff from bringing a cause of action with respect to "Storybook" and "storybook.com" in the prior cause of action.

The Court finds Plaintiff's claims are sufficiently similar to constitute the same cause of action for *res judicata* purposes. First, the claims arise under the same nucleus of facts. Second, substantially the same evidence would be presented in the new action. Third, the two suits involve infringement of basically the same right. Finally, there is no compelling reason why Plaintiff could not have brought a "Story-

book" or "storybook.com" claim in the prior action. Since Plaintiff failed to properly place the issue before the jury in the Central District case, it is now barred as *res judicata.*[1]

## CONCLUSION

The doctrine of claim preclusion is intended to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the initial suit. Plaintiff failed to properly place the issue before the jury in the prior Central District action despite ample opportunity to do so. Therefore, the Court GRANTS Defendants' Motion to Dismiss because Plaintiff's claim is barred as *res judicata.* Plaintiff's claim with respect to "Storybook" and "storybook.com" should have been raised in its first suit.

**IT IS SO ORDERED.**

---

1. The Court notes that Plaintiff is not without a remedy in this case. For instance, Plaintiff is not prevented from challenging the scope of the Central District Court's injunction regarding any new and independent confusion now caused by "storybook.com."