Vasken TATARIAN, Plaintiff-counter-
defendant—Appellant,

v.

William G. SWEENEY; Victor J. Kaleta, in his official capacity, Defendants—Appellees,

City of Anaheim, Defendant-counter-claimant—Appellee.

No. 01–56606.

D.C. No. CV–99–00605–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Decided Jan. 30, 2003.

Before FRIEDMAN,* KOZINSKI and RAWLINSON, Circuit Judges.

## MEMORANDUM **

We do not reach Tatarian's argument that res judicata does not preclude successive facial challenges to different provisions of a single ordinance, because his first suit by its terms challenged the entire ordinance. His complaint alleged that "Ordinance No. 18.89[sic], enacted by the City of Anaheim on October 5, 1993, *and/or* the specific provisions outlined hereinabove are invalid and void," and sought "a declaration as to whether or not Ordinance No. 18.89 is constitutionally val-

---

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

id or invalid." Compl. ¶ 12 (emphasis added). The district court construed the suit as "challenging the City of Anaheim's conditional use permit ("CUP") ordinance, codified as Title 18, Chapter 18.89 . . . of the Anaheim Municipal Code." Order at 1. Tatarian's failure to support his claim with legal arguments pertinent to most of the ordinance's provisions does not alter the scope of his claim. Even if he is correct that his prior counsel "chose unfortunately loose and overbroad language," Reply Br. at 14, Tatarian is bound. Because Tatarian's current suit raises claims he brought in his first suit, it is barred by res judicata. *See In re Jenson*, 980 F.2d 1254, 1256 (9th Cir.1992).

*Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097 (9th Cir.1998), does not change this result. Intervening changes of law generally do not alter a judgment's claim preclusive effect. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). District courts retain equitable authority to modify their own injunctions under Rule 60(b), *see Clifton v. Attorney Gen. of Cal.*, 997 F.2d 660, 662–63 (9th Cir.1993), and *issue* preclusion on a point of law may not survive a change in that law, *see Montana v. United States*, 440 U.S. 147, 162–63, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), but neither principle applies here.

Tatarian had standing to challenge the permit revocation scheme in his prior suit. The city had alleged numerous violations of the "no-touch" rule and thus had grounds to seek to revoke his license. The absence of a final determination of guilt is irrelevant because subsection .0206 requires only a violation, not a conviction. Revocation was not so speculative a prospect that he lacked standing. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 233–36, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Finally, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), might have barred a challenge to the no-touch rule, but that rule is not at issue on appeal.

Tatarian's mandamus claim seeks only a new remedy to vindicate the same cause of action, and is therefore barred. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir.1986). Tatarian waived his argument that he lacked standing to challenge the permit requirement under *Clark v. City of Lakewood*, 259 F.3d 996 (9th Cir. 2001), because he raised it for the first time in his reply brief. *See United States v. Alexander*, 287 F.3d 811, 817 n. 2 (9th Cir.2002). Tatarian concedes that his grandfather rights claim is moot if his other claims fail.

AFFIRMED.