**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: WILLIAM EISEN, <br><br> Debtor, <br><br>———————————————<br><br> ALLEN GROUP PARTNERS, <br><br> Appellant, <br><br> v. <br><br> JEFFREY I. GOLDEN, Trustee, <br><br> Appellee. | No. 10-55227 <br><br> D.C. No. 8:08-cv-00952-TJH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted October 11, 2011[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     LEAVY and WARDLAW, Circuit Judges, and MAHAN,
            District Judge.***

In this consolidated appeal, we review the district court's order affirming the bankruptcy court's order of sale, and the district court's order denying reconsideration. Our jurisdiction is governed by 28 U.S.C. § 158(d). We affirm the district court. We lack jurisdiction over the appeal of the interim fee orders of the bankruptcy court and accordingly dismiss that portion of the appeal.

## I.     The Sale and Reconsideration Orders

Principles of res judicata and collateral estoppel preclude relitigation of the Allen Group's alleged equitable lien on the debtor's residence. In a prior adversary proceeding, the bankruptcy court granted summary judgment for the trustee, holding that the trustee was the sole owner of the residence in fee simple and that the Allen Group "has no right, title, estate, or interest therein adverse to, superior to, or otherwise as to [the trustee]." In the instant appeal from the underlying bankruptcy case, the Allen Group seeks to establish an equitable lien on the property.

A judgment entered in an adversary proceeding in a bankruptcy case is a valid final judgment for the purposes of claim and issue preclusion. *See In re*

---

***     The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997); *McClain v. Apodaca*, 793 F.2d 1031, 1032 (9th Cir. 1986). Such a judgment has a preclusive effect on subsequent proceedings in the same bankruptcy case. *McClain*, 793 F.2d at 1032.

The bankruptcy court's prior final summary judgment precludes the Allen Group from arguing here that it holds an equitable lien on the residence. *See McClain*, 793 F.2d at 1031. We affirm the district court's order affirming the bankruptcy court's sale order, and order denying reconsideration.

## II.    Interim Fee Orders

We do not have appellate jurisdiction over the bankruptcy court's two interim compensation and reimbursement orders. The Allen Group did not seek, and was never granted, leave to file appeals of the interim fee orders.

The district court has jurisdiction to hear appeals of interlocutory orders from the bankruptcy court only with leave of the bankruptcy court. 28 U.S.C. § 158(a); *see also Duckor Spradling & Metzger v. Baum Trust* (*In re P.R.T.C., Inc.*), 177 F.3d 774, 779 (9th Cir. 2001). We look to the facts of the case to determine if an interim fee order is a final judgment. *Compare In re Four Seas Ctr., Ltd.*, 754 F.2d at 1419, *with Yermakov v. Fitzsimmons* (*In re Yermakov*), 718 F.2d 1465, 1469 (9th Cir. 1983).

10-55227

In this case, the bankruptcy court's interim fee orders indicate that the court anticipated additional fee and compensation applications. The "final award remain[ed] uncertain," *Four Seas Ctr., Ltd. v. Davres, Inc.* (*In re Four Seas Ctr., Ltd.*), 754 F.2d 1416, 1419 (9th Cir. 1985), so the interim fee awards in this case were not final judgments, but rather interlocutory orders. The Allen Group did not seek leave from the bankruptcy court to appeal these interim orders to the district court. Therefore, neither the district court nor this court has jurisdiction to hear the interlocutory appeal. 28 U.S.C. § 158(a)(3), (d)(1). Accordingly, we dismiss the Allen Group's appeal of the two interim compensation and reimbursement orders for lack of jurisdiction.

Appellee's motion to strike portions of appellant's excerpts of record is DENIED.

**AFFIRMED in part; DISMISSED in part.**