NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, | No.    15-55400 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-05963-GHK-E |
| v. | |
| ERIC GARCETTI, et al., | MEMORANDUM[*] |
| Defendant - Appellees. | |

On Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted November 9, 2016[**]
Pasadena, California

Before:   BERZON and NGUYEN, Circuit Judges, and ZOUHARY,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Stephen Yagman appeals the judgment of the district court dismissing his complaint with prejudice based on res judicata. This case, *Yagman II*, was preceded by Case No. 14 CV 2330, *Yagman I*.

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is: (1) identity or privity between the parties; (2) a final judgment on the merits; and (3) identity of claims. *Id.*

As to the first element of res judicata, the parties are identical in both district court cases. The second element is satisfied because the dismissal in *Yagman I* is a final judgment on the merits. With respect to the third element, this Court considers four factors in determining the identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012). The last factor—whether the claims arise out of the same core set of facts—is most important. *See id.*

The district court correctly determined: (1) *Yagman I* and *Yagman II* involve infringement of the same rights and arise from the same core set of facts; (2) resolution of *Yagman I* and *Yagman II* would involve substantially the same evidence; and (3) Defendants' freedom from liability established in *Yagman I* would be impaired by *Yagman II*. The district court also correctly determined that, even if not raised in *Yagman I*, the illegal-delegation argument is precluded. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) ("[Plaintiff] cannot avoid the bar of res judicata merely by . . . pleading a new legal theory.").

Plaintiff gets no second bite at the apple.

**AFFIRMED.**