NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ERIC GARCETTI, individual and official capacity; et al., <br><br> Defendants - Appellees. | No. 17-55697 <br><br> D.C. No. 2:16-cv-5944-JAK-E <br><br> MEMORANDUM* |

On Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 3, 2018**
Pasadena, California

Before: BERZON and NGUYEN, Circuit Judges, and ZOUHARY,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

1

Stephen Yagman raises a third challenge to the constitutionality of the procedures provided by the City of Los Angeles for contesting parking tickets. In short verse, those procedures begin with an initial review of the parking citation. If the citation is not cancelled, the contestant must deposit the amount of the penalty to obtain a formal administrative hearing. And if the contestant does not prevail at the administrative hearing, he or she may seek de novo review in the state superior court. *See* Cal. Veh. Code §§ 40215, 40230.

In his first lawsuit, Yagman claimed these procedures violated his due process rights by depriving him of property without a hearing. He also alleged malicious prosecution, conspiracy, *Monell* liability, and RICO violations. In a published opinion, we held the City's procedures were constitutionally adequate under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and Yagman's other claims were conclusory and could not be sustained given the lack of any predicate due process violation by the City. *Yagman v. Garcetti* (*Yagman I*), 852 F.3d 859 (9th Cir. 2017).

In his second lawsuit, Yagman repeated the same claims against the same defendants, but added allegations that the City's outsourcing of the initial review to a non-governmental entity violated state law. He argued that this delegation made the initial review a "legal nullity," such that there effectively was no initial, pre-

2

deprivation review. We held this claim was barred by res judicata. *Yagman v. Garcetti* (*Yagman II*), 673 F. App'x 633 (9th Cir. 2017).

In the present case, Yagman raises the same legal claims identified in his prior lawsuits. But he now bases his claims on a "new" parking ticket issued in September 2015.[1] Yagman alleges that in contrast to the tickets at issue in his previous cases, this time he paid the fine and requested an administrative hearing to challenge the ticket but was never provided one. He therefore describes his complaint as raising a distinct due process violation, rooted in a permanent rather than temporary deprivation of property. Nevertheless, the district court dismissed the Complaint based on res judicata. Yagman once again appeals.

We review de novo a district court order granting judgment on the pleadings under Federal Civil Rule 12(c). *See Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010); *see also Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) ("A district court's judgment based upon *res judicata* is a mixed question of law and fact in which legal issues predominate. Accordingly, we review the district court's order de novo."). We may affirm a dismissal on any

---

[1] The *Yagman III* Complaint also references two of the parking tickets at issue in *Yagman I* and *II*. But we summarily affirmed the district court order dismissing Yagman's claims as to those two tickets based on res judicata. *See* Docket 21.

3

basis supported by the record, even if the district court relied on different grounds or reasoning. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999).

1. "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is (1) a final judgment on the merits, (2) identity or privity between the parties, and (3) identity of claims. *Id.* To determine whether a dispute concerns the same claims as prior litigation, we consider "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982) (quoting *Harris v. Jacobs*, 621 F.2d 341, 434 (9th Cir. 1980)). "The last of these criteria is the most important." *Id.* at 1202.

The district court properly concluded that the first two elements are met: *Yagman I* and *II* each proceeded to a final judgment on the merits, and the parties in this case are either identical or in privity with those in the earlier cases. But Yagman contends this case presents a new, unprecluded claim based on the

4

September 2015 parking ticket, which was issued after he filed the *Yagman I* and *II* complaints. *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017) ("[C]laim preclusion does not apply to claims that accrue after the filing of the operative complaint.").

Yagman overstates the holding in *Howard*: a new factual event does not necessarily give rise to a new legal claim where the challenge is to the same ongoing procedure or policy and the new factual event is alleged "only as an 'example' of . . . [a] long-standing practice of non-compliance with [the law]." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012). "[C]laim preclusion isn't defeated where '[d]istinct conduct is alleged only in the limited sense that every day is a new day, so doing the same thing today as yesterday is distinct from what was done yesterday.'" *Id.* at 919 (second alteration in original) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1464 (9th Cir. 1993)). Thus, to avoid the preclusive effect of the judgments in *Yagman I* and *II*, Yagman must identify a factually different procedure distinct from and occurring after the one alleged in his earlier complaints. He argues that he has raised two such factually distinct circumstances.

2.     First, Yagman alleges he was permanently deprived of his property when he paid the penalty for the September 2015 ticket but never received a hearing. He argues this claim is not precluded because the prospect of a permanent

5

deprivation was not at issue in *Yagman I* or *II*. But the district court pleadings reveal that Yagman is conflating two separate stages of the City's procedures. According to Yagman, the City first offered to cancel the ticket in exchange for proof of a disabled person parking placard and payment of a $25 administrative fee. *See* Cal. Veh. Code § 40226. Yagman provided the placard but refused to pay the fee. Then, after an initial review, the City found the ticket valid, and offered Yagman the opportunity to deposit the $63 penalty for the ticket and obtain an administrative hearing. *See* Cal. Veh. Code § 40215. Yagman requested a hearing but did not deposit the penalty by the deadline. The City assessed an additional fine, consistent with its notice of delinquency. Yagman then paid the total amount of the fine.

Yagman alleged a rough outline of this series of events in the Complaint. He fleshed out the details by attaching his correspondence with the City to his opposition to the motion for judgment on the pleadings. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim."). In other words, the pleadings demonstrate the City followed the same procedures that we previously held

6

complied with the requirements of due process. The district court did not err in dismissing this claim as precluded.

3. Second, Yagman claims the City's practice of delegating the initial review to a non-governmental entity is prohibited by state law. He argues that the purportedly illegal delegation renders that review a "legal nullity," or the equivalent of "no review at all." Our prior rulings on this issue may have caused some confusion. We now clarify.

In *Yagman I*, Yagman argued in the district court that the initial review was "perfunctory" and "unfair" because—among other things—it was conducted by a contractor rather than the City itself. *Yagman v. Garcetti*, Case No. 14-CV-2330 (C.D. Cal.) (Docket 32 at 14 n.4). We rejected that argument, concluding "[n]othing in the Complaint plausibly suggests the initial reviews were conducted unfairly." *Yagman I*, 852 F.3d at 865. On that appeal, Yagman also attempted to argue, for the first time, that the City's delegation of the initial review violated the California Vehicle Code and resulted in a "legal nullity." We declined to consider that argument because he failed to raise it below. *Id.* at 865 n.1.

When Yagman raised the same argument in *Yagman II*, we affirmed the district court's determination that it was precluded. *Yagman II*, 673 F. App'x at 634. We do so yet again here. The procedure challenged in *Yagman I* and *Yagman II* had not changed with regard to the use of a third-party contractor at the time

7

Yagman received the ticket now challenged. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) ("[Plaintiff] cannot avoid the bar of res judicata merely by . . . pleading a new legal theory.").

4.     Yagman's remaining claims for malicious prosecution, conspiracy, and RICO violations likewise are barred by res judicata. Further, his requests for injunctive and declaratory relief are also moot, as the City no longer outsources the initial review process.[2]

**AFFIRMED.**

---

[2] The Motion to Take Judicial Notice (Docket 24) is granted.